*IN ERROR.*
......
ALBANY,
Feb. 1809.

CHEETHAM
v.
TILLOTSON.

---

JAMES CHEETHAM, *Plaintiff in error,*
*against*
THOMAS TILLOTSON, *Defendant in error.*

In a declaration for a libel, the plaintiff alleged, that the defendant had published several libels against him, in a certain newspaper, and, after setting out one part of the publication, with *innuendoes,* he proceeded thus : " And in another part of the said newspaper, among other things, the libellous matter following, of and concerning the plaintiff, to wit," setting forth the words, among which were the following; " none but the bribers and the bribed contemplated the incorporation, meaning that the plaintiff had been guilty of bribery and corruption, in obtaining the incorporation of the said bank." After an interlocutory judgment by default, and a writ of inquiry of damages executed, on which judgment was rendered in the supreme court, it was held, that the declaration contained two distinct counts, and that the second count being bad, for want of sufficient averments, and entire damages having been given on the whole declaration, the judgment below was erroneous.

THIS cause came before this court, on a writ of error, from the supreme court. (See 2 *Johns. Rep.* 63. the facts in the case.)

*Foot,* for the plaintiff in error, contended, that the changes stated in the declaration were not libellous, or sufficient to support the action. Whatever may be the opinion of the court as to the first set of words, those in the second count were too general and vague to indicate the defendant in error. The words are, " none

but the bribers and the bribed, contemplated the incor-
poration," (meaning that the plaintiff, &c.)   There is no
averment to fix the charge, or to show that the words
were spoken of and concerning the defendant in error.
There is merely an *innuendo*, which is not sufficient.[*]
If the second count, then, is defective, the judgment
must be reversed.[†]

*Woodworth* and *Henry*, contra.   The principal ques-
tion is, whether the words stated in the declaration
amount to a libel.[‡]   In this case, there was a judgment
by default, which admits every fact which it would have
been necessary for the plaintiff to prove, at a trial, in
order to sustain the action.   The only question was, as
to the amount of the damages.   The defendant, before
the jury of inquiry, could not disprove any of the alle-
gations in the declaration; otherwise, there would be no
difference between a default and a defence.   But no
man, on reading this publication, could hesitate, a mo-
ment, as to the intent of the writer to charge the de-
fendant in being concerned in bribing the members
of the legislature.   And it would be a reproach to a
court of justice, to say, that they would not under-
stand the writing, in the same sense in which it is un-
derstood by every reader.

But it is said, that there are two counts in the decla-
ration, and that the second being bad, the judgment
must be arrested.   In fact, there is but one count: it is
drawn in the usual form of a declaration, with a single
count, where distinct parts of the publication are se-
lected and set forth as libellous.   After setting forth se-
veral passages in the newspaper as libellous, it goes on
to state, " that in another part of the said newspaper,
among other things, the libellous matter following, of
and concerning the plaintiff," &c.   This is not the man-
ner in which a second, or new count would commence.
There is no time, or place, or the usual introductory words

IN ERROR.
......
ALBANY,
Feb. 1809.

CHEETHAM
v.
TILLOTSON.

* Cowp. 682.
Gro. Eliz. 416.
Cro. Jac. 635. 4
Co. 20.
† 1 *Term Rep.*
151.

‡ 2 *Wils.* 413.

*IN ERROR.*
......
ALBANY,
Feb. 1809.

CHEETHAM
v.
TILLOTSON.

* 10 *Co.* 130. b.

to a count. If, then, there is but one count, and any of the words are actionable, it will support the declaration.* The whole of the words charged constitute but one libel, and the words in the last part, taken in connexion with the first part, form but one publication, and the last are explained by the first. The recitals are in the nature of averments, and have the same effect. After reciting the purpose of the publication, there is a direct averment, that it was made of and concerning the plain-

† *Cowp.* 674. 2
*Black. Rep.*959.

tiff.†

*Foot*, in reply. The supreme court, in fact, gave no opinion, whether the words were libellous or not, or as to the sufficiency of the declaration. The plaintiff ought to have expressly averred, in his declaration, that the defendant charged the plaintiff with being concerned in the bribery, and not to have left it to be made out by inference. What is requisite in a declaration for a libel, is well stated by Lord Ch. J. *De Grey*, in the case of ‡ *Cowp.*682.688. *The King* v. *Horne.*‡

A default admits no more than that the plaintiff has a right to recover nominal damages.

THE CHANCELLOR. This cause comes before the court, from the supreme court, on a writ of error.

From the record it appears, that a judgment has been rendered by default, a writ of error awarded and executed, and 1,400 dollars assessed as damages.

Several errors were assigned ; but as to those relating to form, this court, during the last session, on a motion to remit the record, for the purpose of amending the formal errors, having decided that it was not necessary, because here they could not be admitted as cause for reversing the judgment, has, by that decision, reduced the errors to two.

*IN ERROR.*
......
ALBANY,
Feb. 1809.

CHEETHAM
v.
TILLOTSON.

1st. Because the observations respecting the defendant in error, contained in the first part of the declaration, are not libellous and actionable; and,

2dly. Because it does not appear, that the observations contained in the second part, or count, or the declaration, have any relation or allusion, to the defendant in error.

It becomes the duty of the court, on this subject, to discover and lay down a rule which will govern all other cases similarly circumstanced. For, when the rule of law is deliberately settled, it applies to every case clearly within its principle.

In deciding, every fact admitted into the case must appear from the record, and beyond it, whatever facts may exist, cannot be legally taken here as existing, and even some of the facts in the record have no necessary connexion, or are to be mingled with the points presented for decision.

The amount of the damages is of that description. If the damages were excessive, if irregularities have occurred in their assessment, the proper resort, to correct the excess or the irregularities complained of, is to the court in which the recovery was had.

To arrive at the errors assigned, the plaintiff in error has insisted, that the declaration contains two counts.

The declaration, after the usual averments, that the defendant in error sustained a fair reputation; that he held the office of secretary; that the plaintiff in error, with intent to injure him, published a libel, *in one part*, according to the tenor and effect following; [setting forth some part of the libel;] and *in another part*, according to the tenor and effect following; [setting forth other parts of the libel;] concludes, that by means of composing, writing and publishing of which said false, scandalous libel, and libellous matter, herein before

*IN ERROR.*

......

ALBANY,
Feb. 1809.

CHEETHAM
v.
TILLOTSON.

set forth, the plaintiff [the defendant here] has been greatly injured, &c.

If this declaration had detailed the whole libel, *verbatim*, in one connected description, no legal subtlety could possibly have severed the different parts ; and yet the only difference is, that in the former case the whole would be spread on the record, as contained in one entire paper. In the present case, the libel is alleged to contain, among other things, *two distinct paragraphs*, set forth in the declaration, which are complained of, collectively, and not each separately, as a cause of injury.

If there is only one count ; if a mere perusal of the declaration does not carry conviction to the mind, that the libel is not only a virulent one, but that it has a direct and unequivocal application to the defendant in error, I shall refrain, by any reasoning on the subject, to endeavour to effect it. To me, both appear clear and undoubted.

I can discover no legal reasons for reversing the judgment. I have seldom seen a cause brought up on less tenable ground. I am, therefore, of opinion, that the judgment ought to be affirmed.

CLINTON, Senator. This is an action for a libel, in which an inquisition of damages has been taken. A motion was made in the supreme court, to set aside the inquisition, on various grounds, which motion was overruled. The principal *gist* of the present controversy was, indeed, incidentally brought into view in that discussion ; but the chief justice, in giving the opinion of the court, very properly said, that the objection to the sufficiency of the declaration was not a matter to be considered, under that motion. A motion in arrest of judgment, or a writ of error, was the only mode in which that question could be properly brought before the court ; and although this is a writ of error from the supreme court, yet, as the plaintiff in error did not demur, or move in

arrest of judgment, in the court below, the principal point now in controversy, was never adjudicated by that tribunal.

IN ERROR.
......
ALBANY,
Feb. 1809.

CHEETHAM
v.
TILLOTSON.

If a declaration set forth words spoken, and some are actionable and some not, judgment will not be arrested, because the court will intend that damages were given for such words only as were actionable ; but if the declaration contain two or more counts, and one of them contain actionable words, and the others do not, the judgment will be arrested, on a general verdict, or a general assessment of damages. These rules are admitted, by the counsel on both sides, to have been fully support-ed by the authorities cited, and cannot be contro-verted in any case.

The questions submitted for our determination are, whether there are two counts in this declaration, and if so, whether one of them is vitious. If there is but one count, and it contains libellous matter, the judgment must be affirmed. If there are two counts, and one of them is bad, the judgment must be reversed.

A declaration is defined to be an exposition of the plaintiff's original writ, wherein he expresses at large his cause of action or complaint, with the additional circumstances of time and place, when and where the injury was committed. A count is sometimes considered as synonymous with a declaration, and this was its original signification in the law-French ; but it is now most generally considered as a part of a declaration, wherein the plaintiff sets forth a distinct cause of action ; and it frequently contains several counts, in which the plaintiff assigns different *gravamens*, so that if he fail in the proof of any, and substantiate one only, he may still recover ; and if one of his counts be good, and the others vitious, he may, by taking a verdict on the good count, avoid a reversal of the judgment.

In the present declaration, the plaintiff in the court be-low, states in the introductory part, that there were seve-

ral false, scandalous, malicious and infamous libels, published against him, by the defendant, and he proceeds to set forth a certain newspaper, called the *Republican Watch-Tower*, as containing a libel, which he quotes at large. He, afterwards, goes on to state, that in another part of the said false, malicious and infamous libel, there was other false, scandalous and malicious matter, of and concerning him, which he also mentions and specifies.

A person may be libelled more than once in the same publication. In declaring on a libel, so much of the libellous matter as the plaintiff chooses to select, may be counted on. If the declaration states the whole libel, then there is necessarily but one count ; but if, after selecting a part, and setting it forth as libellous, he then proceeds to select another part, as distinctly libellous, it appears, from his own showing, that he alleges himself to be twice libelled, and claims damages in proportion to the enormity of the charges.

The plaintiff below alleges, that several false, scandalous, malicious and infamous libels, were published against him, by the defendant. He then states, specifically, a libel upon him, and proceeds to allege, as new matter, that in another part of the said false, malicious and infamous libel, among other things, the false, scandalous and malicious matter following, of and concerning the plaintiff, according to the tenor and effect following, that is to say, &c. thereby clearly assigning two different *gravamens*, two substantive causes of complaint, two distinct libellous charges ; and, consequently, two counts, in substance and essence, although not in all respects artificially correct, and conformable to the technical rules of pleading. It is no answer to this to say, that the second allegation of libellous matter ought to be considered a. surplusage, and that, as such, it may be rejected, and will not vitiate in pleading. How a charge which, according to the *innuendoes*, imputes to

IN ERROR.
......
ALBANY,
Feb. 1809.

CHEETHAM
v.
TILLOTSON:

the plaintiff below bribery and corruption, can be considered surplusage, I am at a loss to conceive. If the *innuendoes* be legitimately drawn, the second matter referred to as libellous, far exceeds in turpitude, the first imputation ; and much less can any matter be considered surplusage, which, according to its exposition, is a substantive, distinct, disconnected cause of action.

If the first matter, alleged as libellous, be expunged from the declaration ; and if the *innuendo* in the second part be warranted by the context, the plaintiff below could undoubtedly sustain his action on it alone. This, therefore, can never be considered as surplusage.

Proceeding on the ground, that the declaration sets forth two distinct substantive causes of action, or, in other words, two counts, it remains to determine whether either of them be defective, or bad, in contemplation of law.

The first count appears to me to be correctly stated, and the matter it sets forth is undoubtedly libellous.

This opinion was incidentally pronounced by the chief justice, in the court below, and the whole current of authorities goes to sustain it.

The second count is in the words following : " While corruption was thus diffusing itself through the veins and arteries of the political body, the republican party, relying implicitly on the fidelity of their representatives, were unapprehensive, after the decisions of the legislature, and after these decisions had been confirmed by a warmly contested election ; foreign invasion was not more distant from their thoughts, than the incorporation of the hostile bank. Almost every republican, who was originally a stockholder, has sold out ; none but the bribers and the bribed contemplated the incorporation ;" (meaning that the said plaintiff, and others, had been guilty of bribery and corruption, in obtaining the incorporation of the said bank.) The only remaining

IN ERROR.
......
ALBANY,
Feb. 1809.

CHEETHAM
v.
TILLOTSON.

question is, whether this count be good; and this will depend on the relevancy of the *innuendo*.

The leading case respecting the doctrine of *innuendoes*, is the case of *The King* v. *Horne*, reported by *Cowper*. It is said, by Lord *Mansfield*, in giving the opinion of the king's bench, that plain words, in a libel, speak for themselves. If they are doubtful, their meaning must be ascertained by an *innuendo*. Lord Ch. J. *De Grey* also remarks, that " an *innuendo* means nothing more than the words ' *id est*,' ' *scilicet*,' or ' meaning,' as aforesaid, as explanatory of a subject matter sufficiently expressed before ; as such a one, meaning the defendant, or such a subject, meaning the subject in question. But as an *innuendo* is only used as a word of explanation, it cannot extend the sense of the expressions in the libel beyond their own meaning, unless something is put on the record for it to explain."

The words " none but the bribers and the bribed contemplated the incorporation," point to no one individual specifically. " None but the bribers and the bribed," that is, " none but *Thomas Tillotson* and his coadjutors," is a strained application, totally unwarranted by the context ; and unless it be supposed, that two distinct offences, that is, dispensing and receiving bribes, can be practised by the same individual, at the same time, and for the attainment of a corrupt object, it is an unnatural and tortured application to the defendant in error. There is nothing in the context which applies personally to him, more than to any other other individual. And the cases of *Badcock* v. *Atkins*, and *Hervey* v. *Chamberlain*, in *Croke's Reports*, in which judgments were arrested for the insufficiency, or irrelevancy of the *innuendoes*, are of a less general nature than the present.

The case of *Hawkes* v. *Hawkey*, (8 *East's Rep.* 427.) and which has not been cited by the counsel, bears strongly on the question. The words were, " I have no doubt you, R. W. will forswear yourself, as your

master (the plaintiff) has done before you," (R. W.) (meaning and insinuating thereby, that the plaintiff had perjured himself in what he has sworn in his aforesaid answer to the bill so filed against him, as aforesaid.) The objection was, that there was no *colloquium*, or introductory averment, that the words were spoken in reference to any judicial proceeding; and it was insisted, that this defect could not be supplied by the *innuendo*. Lord Ch. J. *Ellenborough* said, "nothing can be more clear than the rule laid down, and constantly adopted, not only when the words spoken do not, in themselves, naturally convey the meaning imputed by the *innuendo*, but, also, where they are ambiguous and equivocal, and require explanation by some extrinsic matter, to make them actionable ; it must not only be predicated that such matter existed, but also that the words were spoken of and concerning that matter." And he illustrated this by what Lord Ch. J. *De Grey* said, in *Rex* v. *Horne*, where the words are, " he has burnt my barn," the plaintiff cannot say, by way of *innuendo*, " my barn full of corn," for that is not an explanation of the words, but an addition to them. Lord Ch. J. *De Grey*, he adds, does not say merely that the introductory averment, that the plaintiff had a barn full of corn, would have been sufficient, but also that there was a discourse about the barn ; and, accordingly, judgment was arrested.

The prefatory, or introductory part of the declaration, in strictness, refers only to the first count ; but, supposing otherwise, it contains no averment, or allegation, which can help out the *innuendo*. It does not allege, but, on the contrary, it expressly denies, that the defendant in error was concerned in a scene of corruption. It does not assert that such a scene occurred. It does not state that the plaintiff in error indicated a charge of the kind against the defendant.

It throws no light upon the *innuendo* ; nor has the *innuendo* any connexion with any part of the declara-

*IN ERROR.*
.......
ALBANY,
Feb. 1809.

tion. It stands solitary and insulated, without any support; and applies a charge to the defendant in error, which it might equally apply to every person favourable to the *Merchants' Bank.*

I am, therefore, of opinion, that the second count is essentially defective and erroneous : and, inasmuch as the plaintiff below has taken judgment generally, I am for a reversal.

A majority of the court being of the same opinion, it was, thereupon, ORDERED, ADJUDGED and DECREED, that the judgment below be reversed.

Judgment of reversal.