THE CITY OF CHICAGO

*v.*

MARY KELLY.

69   475,
61a 590

1.   DAMAGES—*vindictive—as against municipal corporation.*   Municipal corporations are not liable to vindictive or exemplary damages for personal injuries growing out of mere neglect to keep a sidewalk in a safe condition.   In order to justify such damages, the negligence of the authorities must be so gross as to be wilful.

2.   SAME—*excessive—personal injury.*   Where the plaintiff received a fall from a defect in the sidewalk of a city, inflicting an injury in her foot, but not so serious but that she was able to walk the next day but one after, and a miscarriage also resulted shortly afterwards from the effect of the fall, but it did not appear that she received any permanent injury to her person or health, it was *held,* that a verdict giving her $4050 was so excessive that a new trial should have been awarded.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

This was an action on the case, brought by Mary Kelly, a married woman, against the city of Chicago, to recover damages for personal injuries received by a fall caused by a defect in the sidewalk of the city.   The facts of the case are stated in the opinion of the court.

Mr. I. N. STILES, and Mr. JOHN LEWIS, for the appellant.

Mr. JOHN VAN ARMAN, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The only point made on which appellant relies for a reversal of the judgment in this case, is, the damages found by the

jury are excessive. Reluctant as we always are to disturb the verdicts of juries, we do not see how this judgment can be sustained.

The action is for personal injuries. While passing along, in company with her sister, appellee stepped upon a loose or defective plank in the sidewalk, which caused her to fall, and occasioned the injuries complained of. With some assistance, she was able to walk to her sister's house, not far off. At the time, she supposed the principal injury sustained was in her foot. The next day but one she walked to the boat and departed for her home in Michigan. On her arrival she detected a dull, heavy feeling in her side, as she described it, which continued through a period of about three weeks, when a miscarriage occurred, from which she suffered very great pain. The miscarriage is attributed to the injuries sustained from her fall. She was then the mother of eight children, and had previously been in excellent health. Perhaps no other cause can be assigned for the sickness that ensued, other than the fall, consistently with the evidence. Since her injury, and before the trial in the court below, she had again given birth to a living child, which she bore during the usual period of gestation. It is hardly probable she suffered any permanent injury from the miscarriage, unless it was in general debility and loss of constitutional strength. The evidence shows her health is not so good as before the injury, but it is not so clear from the testimony the decline is to be attributed wholly to the injury occasioned by the accident. There is no satisfactory evidence of permanent injury. Happily, the medical testimony does not disclose any disease or injury, the result of the accident, from which she may not ultimately recover and be as well as before.

The jury returned a verdict for $4050, upon which the court entered a judgment. It seems to us the damages found are out of all proportion to the injury sustained. It is difficult to understand upon what principle the jury made the assessment at so large a sum. They must have misappre-

hended the true rule for assessing damages against municipal corporations. The doctrine is well settled, in this State at least, only compensatory damages can be allowed. Vindictive or punitive damages are not to be given unless there is proof the injury is wilful, which is scarcely possible in the case of this class of corporations.

It will not be insisted in this case the negligence of the city authorities was so gross as to be wilful. All the witnesses concur in saying it was difficult to discover the sidewalk was in a dangerous condition. The casualty may be attributed in a large measure to mere accident. The parties might have passed there ever so frequently and with entire safety. The authorities whose duty it is to prepare walks, ought, perhaps, to have discovered the defect and repaired it. It was not of such a character from which wilful negligence could be inferred. The facts in the case would not authorize a verdict for other than compensatory damages, and the damages actually sustained are certainly very much less than the amount found.

*Fisher's* case, 53 Ill. 470, is sufficiently analogous to the case at bar to be an authority in point. The action was against a municipal corporation, for personal injuries. There was evidence tending to show some permanent injury, but to no very great extent. A verdict for $3000 was held to be excessive, and the judgment, for that reason, was reversed.

*The City of Chicago* v. *Langlass et ux.* 52 Ill. 256, is also an analogous case. The judgment was for $4750, and it was reversed, on the ground the damages found were excessive, and that the jury must have given exemplary damages.

We feel satisfied the jury in this case could not find the compensatory damages suffered by appellee, from the evidence, to be so great as stated in the verdict, and we must, therefore, conclude they have awarded, in some manner, exemplary damages. If so, it is error, for which the judgment must be reversed and the cause remanded.

*Judgment reversed.*