THE CITY OF JOLIET

*v.*

MARIA CONWAY.

*Filed at Ottawa January 25, 1887.*

1. EVIDENCE—*admissibility—general rule.* The evidence in each particular case must relate to some issue presented by the pleadings, and tend to establish some fact or facts legally competent for the consideration of the jury.

2. MEASURE OF DAMAGES—*personal injuries from negligence—defective sidewalks.* Municipal corporations, in cases arising from a neglect of their officers to discharge the duty of maintaining sidewalks, streets, etc., in suitable repair, are liable for such damages as will compensate for the injuries received in consequence of such neglect, by persons passing over the same, using ordinary care.

3. In actions for personal injuries occasioned by the negligence of the defendant, on the question of damages, it is not only proper, but important,

for the plaintiff to show, by the evidence, his previous physical condition and ability to labor, or follow his usual avocation, as well as his condition since the injury, to enable the jury to properly find the pecuniary damage.

4. In an action by a married woman against a city, for personal injuries sustained by her through a defective sidewalk, the damages must be confined to such as she has herself sustained; and the fact that she had a family, or had the care of or maintained the same, will form no proper element in the assessment of her damages. She can not recover for damages resulting to her family.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Will county; the Hon. CHARLES BLANCHARD, Judge, presiding.

Mr. FRED BENNITT, for the appellant.

Mr. J. L. O'DONNELL, for the appellee.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

This was an action brought by appellee, against appellant, the city of Joliet, to recover damages for personal injuries alleged to have been sustained by reason of the failure of appellant to maintain in suitable repair a certain sidewalk in the city. A trial resulted in a verdict and judgment for plaintiff below, from which the city prosecuted its appeal to the Appellate Court for the Second District, where the judgment of the circuit court was affirmed. From that judgment the city now prosecutes this further appeal to this court.

The judgment of affirmance by the Appellate Court has settled all controverted questions of fact, and leaves, as it is conceded, but a single point now urged as error.

The declaration is in the usual form. On the trial the plaintiff was called as a witness in her own behalf, and after testifying to her injuries, their nature and extent, and their effect upon her ability to labor, she testified, without objection, that she had done housework for her family ever since she had been married, until the time of her injury, etc. The

evidence tended to show that in consequence of these injuries received she was incapacitated to perform such labor. She was then permitted to testify, against the objection of defendant, that at the time of the injury she was doing the housework for her husband and eight children. The error assigned questions the admissibility of this evidence.

The objection to this evidence might properly be disposed of upon the ground, that if its admission was erroneous it could not have operated to the prejudice of the defendant. It had already been shown properly, and without objection, that the plaintiff was a married woman, residing with her husband; that she had been in good health, and had done her housework continuously from her marriage until she was injured, as charged; also, that one of the consequences of the injuries received was a miscarriage; that she was at the time nursing an infant, and by reason of the injury to her breasts the secretions were dried up, and that her injuries were of a very serious and probably permanent character. It is difficult, with this evidence before the jury, to perceive in what way proof of the mere fact that she was doing the work for her husband and eight children, or that there were eight children in the family, could have been prejudicial to the defendant. It is familiar doctrine that error without prejudice will not reverse. But the admission of this evidence was not erroneous. The rule is, that the evidence in each particular case must relate to the issue therein presented, and tend to establish some fact or facts legally competent for the consideration of the jury. Municipal corporations, in cases arising from the neglect of their officers to discharge the duty of maintaining sidewalks, streets, etc., in suitable repair, are liable for such damages as will compensate for the injuries received in consequence by persons passing over the same, using ordinary care. (*City of Chicago* v. *Kelly,* 69 Ill. 475.) In determining what is compensation for injuries so received, any permanent injury, or result of the injury, causing a disability from future

labor or exertion, is a proper subject for consideration by the jury. It becomes necessary to inquire into the ability and capability to labor or carry on business, or pursue some avocation, prior to the injury, for it is manifest that what would be compensation to one person would be greatly in excess of what another should recover, and inadequate to compensate still another. This court has frequently reversed judgments for the reason that the amount recovered would yield a greater income than the plaintiff could have earned by his labor, or in any avocation for which he was fitted prior to his injury. It became of the first importance that the jury, in estimating the damages plaintiff had sustained from the permanent character of her injuries, and her disability to labor in consequence, should know her previous physical condition and ability to labor or follow the avocation in which she was engaged. The only purpose of the evidence complained of, undoubtedly was to show her occupation, and the extent of her ability to perform labor, that the jury might, if they found her injuries permanent, and her ability to labor diminished in consequence, compensate her for the loss thus sustained.

It is, however, contended, that the evidence under consideration brought into the case the care for and support of the plaintiff's family, and the effect would be to unduly enhance the damages, and improperly influence the jury, beyond the sum necessary to compensate the plaintiff. Undoubtedly the law is, that the damages must be such as the plaintiff has herself sustained, and the evidence confined to proof of such damages, and the fact she had a family, or that she had the care of or maintained it, would form no proper element for consideration by the jury in fixing compensation. (*Pittsburg, Ft. Wayne and Chicago Railway Co.* v. *Powers,* 74 Ill. 341; *City of Chicago* v. *O'Brennan,* 65 id. 160.) In both cases cited, the probable loss of support by the family of the plaintiff was shown as constituting an element for assessment of his damages. This the court criticizes, and holds to be incompetent.

In this case there is no attempt to show that the family were dependent upon the plaintiff for support, care or maintenance, and the jury, we think, could not have so understood it, especially in view of the fact that the instructions expressly limit the right of recovery to such damages as resulted to the plaintiff alone.

Perceiving no error in the record, the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*