EBENEZER HOLMES, RESPONDENT, v. GEORGE JONES, TREASURER OF THE NEW YORK "TIMES," APPELLANT.

*Libel — when a complaint setting forth several parts of the same article, separately, contains but a single count — a general verdict for the plaintiff will be sustained although some of the parts of the alleged libel were justified.*

In an action for libel the complaint alleged the publication of a libel " containing, among other things, in one part thereof, the false, scandalous, malicious and defamatory words and matter, that is to say." After these words a portion of the article complained of was set forth; the complaint then proceeded: "Also containing, in another part thereof, the several false, scandalous, malicious and defamatory words and matters following, of and concerning the plaintiff, that is to say." Following these words was set forth another portion of the same article. The complaint then proceeded in like manner to set forth two other portions of the same article, with the like prefatory matter. The answer, in addition to other matters set forth therein, contained a justification of each extract of the article complained of.

*Held,* that the complaint contained only one count.

That a general verdict in favor of the plaintiff was a verdict upon the issues presented and would be sustained, although some of the paragraphs set forth in the complaint were justified by the answer, provided such justification did not cover all of them.

APPEAL from a judgment, entered in Saratoga county January 30, 1888, in favor of the plaintiff in an action for libel, tried before the court and a jury at the Saratoga Circuit.

*B. F. Einstein,* for the appellant.

*C. S. Lester,* for the respondent.

LANDON, J.:

The plaintiff complained that on November 22, 1886, the defendant published, of and concerning him, a certain libel in the New York Times, "containing, amongst other things, in one part thereof, the false, scandalous, malicious and defamatory words and matter, that is to say." Here was set forth a portion of the article; the complaint then proceeded: "And also containing in another part thereof the several false, scandalous, malicious and defamatory words and matters following, of and concerning the plaintiff, that is to say." Here was set forth another portion of the same article. The complaint then continued and set forth two other portions of the same article, introducing each portion in the same words as precede

the second extract from the article. The answer, in addition to other matters, set forth a justification of each extract from the article complained of

The defendant now contends that the testimony did, in fact, support the justification of each extract from the article, and that since there was a general verdict against the defendant, it is impossible to say upon which one of the allegations the jury founded its verdict, and that if the verdict is against the weight of evidence as to any one of the four allegations, it cannot be sustained. Assuming that the defendant did justify one and failed to justify all the paragraphs of the article set forth, it does not follow that the judgment should be reversed. It is proper to put into one count all the words published at one time, though not those spoken at different times. (*Hughes* v. *Rees*, 4 M. & W., 204; *Griffiths* v. *Lewis*, 8 Q. B., 841; Townshend on Libel and S., § 597.)

The defendant cites *Cheetham* v. *Tillotson* (5 Johns., 430). The complaint in that case is in form similar to the one before us. Chancellor KENT held that all the paragraphs separately set forth were complained of collectively, but the majority of the Court of Errors overruled him. It was a political case and party spirit ran high. Doubtless the chancellor's opinion in this case deserves the respect usually accorded to his opinions. If here the whole article had been set forth as constituting one libel, it would have been unobjectionable (Code Civil Pro., § 535), but the plaintiff very properly confined his complaint to such portions as reflected upon him. We think the complaint contains only one count. A general verdict is, therefore, a verdict upon the issues presented, and is sustainable though some of the paragraphs were justified, if the justification did not cover all of them. The question is, did the plaintiff maintain the cause of action alleged by him, not whether he did it in every particular of alleged grievance or aggravation, but substantially? If so, he stated his case and maintained it. One libelous paragraph charged, proved, and not successfully defended, is enough for some recovery; if all charged are maintained, the amount of recovery is only enhanced. \* \* \*

[The rest of the opinion consisted of an examination of the facts of the case, resulting in a conclusion that the verdict of $5,000 was excessive.—[REP.

LEARNED, P. J., and INGALLS, J., concurred.

Judgment and order reversed and new trial granted, with costs to abide the event, unless the plaintiff stipulates, within twenty days after notice of this order, to reduce the verdict to $2,000 and extra allowance proportionately. If he so stipulates, then judgment and order affirmed as modified, with costs.