THE CITY OF ROCK ISLAND

*v.*

BRIDGET CUINELY.

*Filed at Ottawa November 15, 1888.*

1. NEGLIGENCE—*injury from defective sidewalk—liability—allegations and proofs.* In an action against a city, to recover for a personal injury caused by a defective sidewalk, the declaration alleged that the defendant "wrongfully and negligently suffered the same to be and remain in bad and unsafe repair and condition, and divers of the planks wherewith the said sidewalk was laid, to be and remain broken, loose and unfastened to the stringers thereof; by means whereof," etc. The evidence showed that the sidewalk was in a bad and unsafe condition, that the planks were loose and unfastened to the stringers, and that the injury was caused thereby, but not that any of the planks were broken: *Held,* that the failure to prove that the planks were broken did not constitute a variance. It was sufficient to prove that the boards were loose and unfastened, and therefore unsafe and dangerous.

2. The allegation in the declaration must be broad enough to let in proof of the cause of the injury, and no evidence will sustain a verdict

that does not find support in such allegation; but in an action for tort, it does not follow that every allegation of matters of substance must be proved.

3. There is a material distinction between the statement of torts and of contracts, the first being divisible in their nature, and proof of part of a tort or injury being, in general, sufficient to support the declaration. It will be sufficient to prove enough of the declaration to constitute a cause of action.

4. Where the *gist* of the action is the negligence of a city in permitting a sidewalk to be and remain in bad and unsafe repair and condition, the declaration will be sustained by proof that the sidewalk was, in fact, in such condition, either by reason of a plank being broken, or because it was loose and unfastened to the stringers. In either event the duty of the city to repair attaches, and if a person, after a reasonable time to make the repairs, while exercising due care, is injured in consequence of the unsafe condition of the walk from either of such causes, the city will be liable to the injured party.

5. An allegation that the plaintiff's "right wrist was dislocated and broken," will be sustained by proof that the radius, or large bone of the forearm, was broken just above the wrist-joint.

6. JUDICIAL NOTICE—*incorporation of cities, etc.—former decision.* Under section 6, article 1, of the City and Village act, the courts of this State are required to take judicial notice of the fact of the incorporation of all cities and villages organized thereunder, whether originally so organized, or by a change from acting under a special charter. In this respect there is no difference whether the city is seeking to enforce some municipal right, or it is sought to be held liable for a failure to perform a corporate duty. In this respect, the case of *Brush* v. *Lemma,* 77 Ill. 496, is overruled.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Rock Island county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. J. T. KENWORTHY, for the appellant:

The declaration charges that "the right wrist of the plaintiff was then and there dislocated and broken." The proof shows that the injury sustained was "the fracture of the large bone of the forearm." The plaintiff's right wrist was neither dislocated nor broken.

Again: The declaration alleges the planks "were broken," etc. There is no proof in the record that any of the planks

were broken. On the contrary, all the proof is, the planks were not broken.

The averment and proof must correspond. 1 Chitty's Pl. (7th Am. ed.) p. 427; Hilliard's Rem. for Torts, p. 159, secs. 9, 10, *et seq.; Moss* v. *Johnson,* 22 Ill. 633; *Railroad Co.* v. *McKee,* 43 id. 120; *City of Bloomington* v. *Goodrich,* 88 id. 558; *City of Elgin* v. *Riordan,* 21 Bradw. 600; *Gavin* v. *City of Chicago,* 97 id. 66; *Railroad Co.* v. *Rhodes,* 76 id. 285; *Railway Co.* v. *Scheuring,* 4 Bradw. 533.

The courts can not take judicial notice of the change of incorporation of the city from its special charter, without some proof that it has been acting under the general Incorporation act. *Brush* v. *Lemma,* 77 Ill. 496; *Hard* v. *Decorah,* 43 Iowa, 313.

Mr. WILLIAM McENIRY, and Mr. WILLIAM JACKSON, for the appellee:

A tort charged need not be proved precisely as laid. It is sufficient if the substance of the issue be proved. 1 Chitty's Pl. (14th Am. ed.) 305.

There is no variance as to the injury. Gray's Anatomy, 315.

It is for the jury to determine, from the whole evidence,— from the nature of the defect, its situation, the degree of its exposure to ordinary observation,—what length of time would be sufficient to charge a municipal corporation with notice of a defect in a street or sidewalk. *City of Chicago* v. *McCulloch,* 10 Bradw. 464; *City of Chicago* v. *Dignan,* 14 id. 128.

The general law referred to, (art. 1, sec. 6,) requires all courts to take judicial notice of the existence of cities organized under this law. This court has fully recognized and applied this rule. *Harmon* v. *City of Chicago,* 110 Ill. 400; *Potwin* v. *Johnson,* 108 id. 74.

Again, the defendant, by its demurrer and plea in this cause, admits its municipal character. Where a defendant is sued as a corporation, and appears by that name, it is an admis-

sion that the name or designation is correct.    *Express Co.* v. *Bradley*, 34 Ill. 459.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

Appellee recovered, in the Rock Island circuit court, against appellant, the city of Rock Island, a judgment for $1100, for personal injuries, occasioned, as it is alleged, by falling upon a defective sidewalk, which it was the duty of the city to keep in repair. That judgment was affirmed in the Appellate Court, and this further appeal is prosecuted by the city.

It is objected, there is a material variance between the allegations of the declaration and proof, both as to the cause and character of the injury. The declaration, after averring the duty of the city to keep the particular sidewalk in repair, etc., alleges that the defendant, not regarding its duty, etc., "wrongfully and negligently suffered the same to be and remain in bad and unsafe repair and condition, and divers of the planks wherewith the said sidewalk was laid, to be and remain broken, loose and unfastened to the stringers thereof, by means whereof," etc. The evidence shows that the sidewalk was in bad and unsafe condition, that the planks were loose and unfastened to the stringers, and that the injury to appellee was occasioned thereby, but it does not show that any of the planks were broken. This was immaterial. The rule is, that the allegation of the declaration must be broad enough to let in the proof, and that no evidence will sustain a verdict that does not find support in such allegation. But in actions for torts it by no means follows that every allegation of matters of substance must be proved. In general, it will be sufficient if enough of the facts alleged in the declaration are proved to constitute a cause of action. "There is," says Chitty, "a material distinction between the statement of torts and of contracts, the former being divisible in their nature, and the proof of part of a tort or injury being, in general, sufficient to support the

declaration." (Chitty's Pl. 305.) "In torts, the plaintiff may prove a part of his charge, if the averment is divisible, and there be enough proved to support his case." (Id. 386, 387; *Cheetham* v. *Tillotson*, 5 Johns. 430; Hilliard on Remedy for Torts, 162-360.) The *gist* of this action was the negligence of the city in permitting the sidewalk to be and remain in bad and unsafe repair and condition, and the declaration was, in that respect, sustained by proof that it was in fact in such condition, either by reason of a plank being broken, or because the planks were loose and unfastened to the stringers. In either event the duty of the city to repair attached, and if, after a reasonable time to make the repairs, the plaintiff, while exercising due care for her own safety, was injured in consequence of the bad and unsafe condition of the sidewalk from either of said causes, her right of recovery under her declaration was complete.

In *City of Bloomington* v. *Goodrich*, 88 Ill. 558, relied upon by counsel for appellant, the allegation was, that the sidewalk was out of repair, "by reason of some of the planks being broken, so that" holes were in the sidewalk, and it was uneven and rough. The only defect alleged was by reason of the planks being broken. It was held, and properly, that the *allegata et probata* must agree, and that the declaration was not sustained by proof that two planks had been removed from the sidewalk. There was there no averment in the declaration under which evidence of the removal of the planks was admissible. Here the evidence sustains the allegation of the declaration, and constitutes a cause of action, even if the allegation that the planks in the sidewalk were broken had been wholly omitted. There is no error in the respect indicated.

In regard to the character of the injury, the allegation is that the plaintiff's "right wrist was dislocated and broken." The evidence is, that the radius, or larger bone of the right forearm, was broken just above the wrist-joint. The fracture was oblique,—on one side it was within an inch, and on the

other within a half inch, of the lower end of the radius. That the lower end of the radius forms part of the wrist-joint, and is an essential part of the wrist, is the common understanding of the laity, as well as of the medical profession. (Gray's An. 315.) The language employed by the pleader, unless it has some recognized technical legal meaning, must be construed according to its ordinary and popular sense, and the allegation of injury so understood is amply sufficient to apprise the defendant of the injury sustained.

The question whether the city was chargeable with notice of the condition of the sidewalk, was a question of fact, properly submitted to the jury by the trial court, and their finding, having been affirmed by the Appellate Court, can not be reviewed here.

It is next urged, that there is no allegation of the incorporation of appellant under the general Incorporation law, in force July 1, 1872, or evidence that it is a municipal corporation, or chargeable with the duty of keeping the sidewalk in question in repair. The declaration charges that it was the duty of the city to keep and maintain this sidewalk in suitable and safe condition and repair, and the failure of that duty. The evidence shows that the sidewalk was within the limits of the city of Rock Island, defendant; that one of its officers was required to pass over this walk, with others, and generally to report to the proper city official all defective sidewalks. It abundantly appears that the defendant, by its officers, assumed control of this walk, with the other sidewalks of the city. One of the city officials in charge of reporting defective sidewalks, examined this walk in July or August prior to the injury of appellee, and did not report it, because, as he says, he did not observe it was out of repair. Two aldermen of the city testified on the trial,—one, that the sidewalk was out of repair and in unsafe condition at the time of the injury to appellee, and the other, that it was not out of repair. The liability of the city to maintain the sidewalk in question was not in any man-

ner raised or controverted in the trial court. The cause was there tried upon the issue of fact as to whether the walk was out of repair and unsafe, as alleged, and the injury of appellee resulted therefrom, without negligence on her part. It seems to us clearly established that the sidewalk was within the limits of the city, and under its control.

In respect of the contention that there is no allegation or proof of the organization of the city under the general Incorporation law, it must be said that no averment or proof of such incorporation was necessary. Section 6, of article 1, of the City and Village act, provides, that "all courts in this State shall take judicial notice of the existence of all villages and cities organized under this act, and of any change of organization of any town or city from its original organization to its organization under this act, and from the time of such organization the provisions of this act shall be applicable to such cities and villages." This provision would seem to be clear, unambiguous, and mandatory upon the courts of this State to take judicial notice of the existence of the city of Rock Island, and of its change of organization from its special charter to organization under the general law. We are required to take judicial notice of the municipality, under the general Incorporation law, whether originally organized thereunder, or a change has been effected from its incorporation by special charter to organization under this general act for the incorporation of cities and villages. And it can make no difference whether the city is seeking to enforce some municipal right in the exercise of its franchise, or it is sought to charge the failure to perform its corporate duty. No evidence is required to show facts of which the court must by law take notice. It is no objection that the memory of the judge may be at fault, or the court require instruction or information upon the point. Courts may, in all such cases, of their own motion, make such examination or inquiry as they deem necessary to verify the fact. 1 Greenleaf on Evidence, 4-6.

The case of *Brush* v. *Lemma*, 77 Ill. 496, is relied upon by counsel as holding a contrary doctrine. The later cases, however, of *Potwin* v. *Johnson*, 108 Ill. 74, and *Harmon* v. *Chicago*, 110 id. 411, hold that courts of the State must take judicial notice of the fact that a city or village is incorporated under the general Incorporation law. It would seem that the case · of *Brush* v. *Lemma,· supra*, is in conflict with the statute and these later cases, and should therefore be regarded as overruled.

The giving of appellee's second, third and sixth instructions, and the refusal of the ninth, tenth and eleventh instructions asked by appellant, are urged as error. No discussion of appellee's instructions would be profitable. We have examined them carefully, in connection with others given, and find no substantial error. They were warranted by the facts proved, and the law is stated with substantial accuracy.

The ninth instruction asked by appellant was properly refused, for the reason that there was no evidence tending to show negligence on the part of the plaintiff in caring for or treatment of her wrist after the injury, or any additional injury or damage flowing from a failure upon her part to exercise due care for her recovery. The instructions must be based upon the evidence.

Every principle announced in the tenth and eleventh refused instructions, important to be stated to the jury, in view of the evidence, was fully stated in the first and fifth of appellant's series. The giving of the tenth and eleventh instructions would have been simply a repetition, in slightly varied phraseology, of the principles already fully presented to the jury. It follows that their refusal was not error.

Finding no error in this record, the judgment of the Appellate Court is affirmed.                *Judgment affirmed.*

Mr. JUSTICE BAKER took no part in the consideration of this case in this court, he having participated in the decision made in the Appellate Court.