## City of Joliet v. Eliza H. Youngs.

1. MUNICIPAL CORPORATIONS—*Liability for Failing to Keep Sidewalks in Repair.*—An action lies against a municipal corporation on behalf of one who, while in the exercise of reasonable care for his safety, sustains injuries by reason of the negligent failure to perform its duty in keeping its sidewalks in a reasonably safe condition and repair for the use of persons traveling thereon.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Will County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 10, 1895.

JOHN W. D'ARCEY, attorney for appellant.

GEORGE S. HINCKEL, attorney for appellee.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment of $1,500, recovered by appellee against the city of Joliet, as damages for injuries sustained by her in falling on a defective sidewalk.

While it is contended that the court admitted improper testimony—gave improper instructions and refused others offered by appellant which were proper—the chief ground upon which a reversal is asked, is that the verdict is against the evidence.

The evidence in the record shows that appellee, a feeble old lady of sixty-seven years, was passing south on the east side of Chicago street, in Joliet, in company with her daughter, and when in the act of stepping from the main sidewalk onto the cross-walk at the intersection of that street with Clinton street she fell and was very seriously injured.

At this point there is a large stone in the walk four feet and four inches by six feet and eight inches, from the corner of which was a loose and broken part which moved and rocked when stepped upon. It had been in that condition for months prior to the accident; so long that the city authorities might have discovered it by reasonable diligence. It was negligence to allow it to remain so. It was such a defect as would entitle a party to recover, if injured by reason thereof, while in the exercise of reasonable care.

While the evidence is not entirely clear that appellee tripped upon the broken piece, it is of such a character as justifies us in saying that the verdict of the jury should not be disturbed on that ground.

There is no reason for the contention that appellee was not at the time in the exercise of reasonable care. True, she was old and rather feeble, but she was in company with her daughter, who was watchful of her mother, and was, at the time, pursuing her way with all the care required by the law.

An action lies against a municipal corporation on behalf of one who, while in the exercise of reasonable care for his safety, sustains injuries by reason of the negligent failure to perform its duty of keeping its sidewalks in a reasonably safe condition and repair for the use of persons traveling thereon. Joliet v. Conway, 119 Ill. 490; Rock Island v. Cuinelly, 126 Ill. 408; Chicago v. Kelley, 69 Ill. 475; Carterville v. Cook, 29 Ill. App. 500.

Under the declaration, and upon the evidence, the jury were justified in the verdict rendered.

There was no serious error committed by the court either in the admission of evidence or in passing upon instructions.

The first instruction given for appellee embodied the substantial averments of one count in the declaration. We can not see how this was prejudicial to the interests of the defendant. We have carefully examined the instruction and see nothing wrong in it.

We are of the opinion that the judgment should be affirmed.