## Delia Godsall, Appellee, v. City of Joliet, Appellant.
### Gen. No. 5,169.

1. EVIDENCE—*when admission cannot be complained of.* If a fact is elicited by the complaining party upon cross-examination, subsequent proof of such fact made by the opposite party cannot be complained of.

2. VERDICTS—*when not excessive.* *Held,* that a verdict in an action on the case for personal injuries, reduced by *remittitur* from $1,350 to $1,000, was not excessive where it appeared from the evidence that the plaintiff, a woman of thirty years of age, was sick for some little time after the accident, endured pain and suffering, had a miscarriage and possibly received an injury permanent in character.

Action in case for personal injuries. Appeal from the Circuit Court of Will county; the Hon. ALBERT O. MARSHALL, Judge, presiding. Heard in this court at the April term, 1909. Affirmed. Opinion filed October 19, 1909.

ROBERT W. MARTIN, for appellant.

JOHN W. D'ARCY, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

Appellee who was thirty years of age, and two months advanced toward maternity, was injured June 6, 1908, on a wooden sidewalk on the south side of La Fayette street, at a point about one hundred and twenty-five feet east of Hickory street, in the city of Joliet, by a plank tipping up in front of her, as her husband, who was walking by her side, stepped on its outer edge.

Within ten days thereafter she gave the appellant the notice required by law, and afterwards brought this suit to recover damages for injuries caused by the accident. On the trial, appellee obtained a verdict for $1,350. A motion for a new trial was made, and, on the suggestion of the trial judge, $350 was remitted from the verdict. The motion for a new trial was denied and judgment was entered on the verdict for $1,000, from which this appeal was taken.

It is urged by appellant that the court erred in admitting incompetent evidence; that appellant had no actual notice of the defective condition of the walk, and the evidence was not sufficient to establish constructive notice thereof; and that the court erred in refusing appellant's instruction asked at the close of all the evidence directing the jury to find appellant not guilty; and that the damages were excessive.

A physician, called the evening of the accident, testified that he found appellee suffering from fright and shock, and that her pulse was rapid. He prescribed for her, and saw her the next morning. At that time she had begun to flow and there was a condition of miscarriage; that he visited her ten or twelve times. She testified that he visited her every day for sixteen days and twice a day for the first four days; that before the injury she did all of her house work except the washing and ironing, and helped with them; that before the injury she had no displacement of the womb, but that since the injury she had been able to do but little of her housework, and that she had had pain ever since the fall and a bearing down feeling of the womb.

Appellee was permitted to prove by her mother, over the objection of appellant, that before the injury, she did her own housework, and took care of her family which consisted of her husband and four children. It is urged that it was error to admit proof that she had four children. Appellee, to sustain the propriety of the admission of this testimony, cites Joliet v. Conway, 119 Ill. 489, which was a suit to recover for injuries sustained by reason of the failure of the appellant to maintain in suitable repair a certain sidewalk; and appellee therein, after testifying as to her injuries, their nature and extent, and their effect upon her ability to labor, also testified without objection that she had done housework for her family from the time of her marriage until the injury. She was then permitted to testify over objection that she was doing the housework for her husband and eight

children. In passing on the error assigned thereon, the court said: "The objection to this evidence might properly be disposed of upon the ground, that if its admission was erroneous it could not have operated to the prejudice of the defendant. It had already been shown properly, and without objection, that the plaintiff was a married woman, residing with her husband; that she had been in good health, and had done her housework continuously from her marriage until she was injured, as charged; also, that one of the consequences of the injuries received was a miscarriage; * * * It is difficult, with this evidence before the jury, to perceive in what way proof of the mere fact that she was doing the work for her husband and eight children, or that there were eight children in the family, could have been prejudicial to the defendant. It is familiar doctrine that error without prejudice will not reverse." But this evidence in the case at bar was clearly competent for the reason that before appellee's mother testified, Dr. Clyne, the physician who attended appellee at the time of the accident, and examined her about a week before the trial and testified that she then had a displacement of the womb of a serious character, was cross-examined by appellant's counsel, and the cross-examination elicited the fact that appellee had borne four or five children. He was questioned for the purpose of having him attribute the displacement of the womb and certain thickening of the wall of the vagina to which he testified, to childbirth and not to the injury received by the fall upon the sidewalk, and also to obtain information for a foundation for proving by the physician called by appellant, that in the case of a woman of the age of appellee who had borne four children and had fallen in the manner proven by appellee, falling of the womb and thickening of the vaginal wall, subsequently discovered, would not be attributed to the fall; and that the miscarriage would not cause them. Counsel for appellant, having, on cross-examination, elicited the fact that appellee had four or five children,

cannot complain that the same fact was afterwards testified to by appellee's mother. There was no error in the admission of her testimony.

The walk was constructed of planks nailed upon stringers laid lengthwise of the walk, and the evidence did not show that appellant had actual notice of its defective condition; but four witnesses testified for appellee as to its condition at the place where she was injured, prior to the accident. One, that she had passed over the walk more than twenty times between January 1 and June 6, 1908, and that the boards were loose and shook when stepped on and the nails were rusted out. Another witness testified that he had lived near where appellee was injured since the previous August, and was familiar with the condition of the walk; that about one hundred and twenty-five feet east of Hickory street the planks were loose, that the stringers had rotted so that the nails would not hold, and that it had been in that condition since August before the accident. Another witness testified that there was always loose boards there, and that she had often got tripped herself. Appellee's husband testified that the part of the stringers he saw was rotten. The only witness called by the city to testify as to the condition of the walk, examined it four days after the accident, and before any change or repairs were made, and testified that he saw a couple of loose planks, and a few cracked ones; that he tested the planks and found by walking on the south side and stepping on the end projecting over the stringers, four planks that would tip up all the way from eight to twelve inches; and that he measured them and examined the loose planks, and that the stringers under them did not look good; that some of the spikes were sticking to the planks and some to the stringers; that the stringers were as if dry rot had commenced in them. From this evidence the jury were warranted in finding that appellant had constructive notice of the defective condition of the walk, and there was no

error in refusing to direct the jury to return a verdict of not guilty.

We do not consider the judgment excessive. It is clear that appellee was sick for some little time and endured pain and suffering, the loss of the child and subsequent ill health, and it is possible that the injury may be permanent.

Fnding no reversible error, the judgment is affirmed.

*Affirmed.*