THE CITY OF LASALLE

*v.*

HYACINTH KOSTKA.

*Opinion filed April 18, 1901.*

1. APPEALS AND ERRORS—*amount of damages is not for consideration of Supreme Court.* The amount of damages sustained by the plaintiff in an action at law is a question of fact which is not open for consideration in the Supreme Court.

2. SAME—*when instruction as to the right of recovery is not erroneous.* If a declaration in an action by an injured servant alleges that the plaintiff was using due care for his safety, an instruction that "if the jury believe, from the evidence, that the plaintiff has made out his case as laid in the declaration by a preponderance or greater weight of the evidence they must find for the plaintiff," is not open

to the criticism that it authorizes a recovery irrespective of plaintiff's knowledge or want of knowledge of the dangerous condition of the place where he was working when hurt.

3. MASTER AND SERVANT—*what risks are not assumed.* A servant does not assume risks which are unusual, extraordinary or extrinsic to the employment, nor risks of the master's own negligence.

4. SAME—*servant upon whom authority of control is conferred is the representative of the master.* If a master confers authority upon one of his employees to take charge of and control a certain class of workmen in carrying out a particular branch of the business, such employee is the representative of the master and not a fellow-servant, and all commands given by him within the scope of his authority are, in law, the commands of the master.

5. SAME—*foreman should see that the place where men are to work is reasonably safe.* It is the duty of a foreman to exercise reasonable care to see that the place where he puts his men to work is in a reasonably safe condition; and the men need not make a critical examination of their surroundings, but may rely upon the foreman's performance of his duty.

6. EVIDENCE—*when evidence that the sides of sewer were not shored is proper.* In an action against a city by a servant injured by the caving in of a sewer ditch which he was engaged in digging, testimony that sides of the ditch were not properly braced is admissible under allegations of the declaration that the defendant had negligently permitted the sides of the excavation to remain in a "loose, water-soaked *and dangerous* condition."

7. NEGLIGENCE—*fact that plaintiff dug ditch is not conclusive that he knew of its defective condition.* That the plaintiff himself dug the ditch at the particular place where he was injured by a cave-in is not conclusive upon the question of his knowledge of the defective condition of the sides of the ditch.

*City of LaSalle* v. *Kostka,* 92 Ill. App. 91, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. CHARLES BLANCHARD, Judge, presiding.

This is an action on the case, brought by appellee against appellant to recover damages for injuries sustained by him in consequence of the caving in of the banks of a sewer, in which he was working for appellant under the direction of its street superintendent. The

sewer caved in and seriously injured appellee. Two years later he brought this suit. The defendant filed a plea of not guilty and, upon trial by jury, there was a verdict of $2500.00 in favor of appellee, upon which the court rendered judgment. An appeal was taken from this judgment to the Appellate Court where the judgment of the circuit court was affirmed. The present appeal is prosecuted from such judgment of affirmance.

The declaration contained one count only, which charges that the defendant, the city of LaSalle, was, on or about July 7, 1897, engaged in the construction and excavation of a certain sewer within said city in an alley between Bucklin and Wright streets in said city; that the complainant was employed by the city as a common laborer to assist in constructing and excavating said sewer; that "it was the duty of defendant to so construct said sewer that the sides or walls of the excavation would be firm, and that the earth, sand and other substances then and there being, would be firmly held in place, and that persons in the employ of said city and engaged in the constructing of said sewer might with safety enter into the excavation thereof to perform the work necessary to be performed therein, to properly construct the same; yet the defendant, not regarding its duty in that behalf, while it was so constructing said sewer aforesaid, to-wit: on the day aforesaid there wrongfully, carelessly and negligently, suffered the excavation for the sewer to remain in an unsafe condition, and the earth, sand, and other substances forming the sides or walls of said excavation, to remain in a loose, water soaked, and dangerous condition; whereby the plaintiff," etc.

William J. Seigler, City Attorney, and Haskins & Panneck, for appellant.

George J. Gleim, John E. Coleman, and Trainor & Browne, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The appellant announces in its brief, that it relies for a reversal of the judgment in this case upon the following propositions: "First, that the court erred in giving the two instructions asked by appellee; second, that the court erred in refusing several of the instructions asked by appellant; third, that the court erred in permitting the appellee to make proof of the fact, that the ditch in question was not shored or braced at the place of the accident at the time of the injury; fourth, because the damages awarded the appellee were excessive."

As to the fourth proposition, that the damages awarded the appellee were excessive, it is sufficient to say that the amount of damages, sustained by the plaintiff in an action at law, is a question of fact, which is not open for consideration in this court under the statute. (*West Chicago Railroad Co.* v. *Bode,* 150 Ill. 396, and cases there cited; *Chicago, Milwaukee and St. Paul Railway Co.* v. *Walsh,* 157 id. 672).

The proposition, that the trial court erred in permitting appellee to prove the fact, that the ditch in question was not shored or braced at the place of the accident when the injury occurred, is disposed of by what is hereafter said in reference to the refusal of the court below to give for the appellant its instruction numbered 28.

*First*—It is assigned as error by the appellant that the court gave the two instructions, which it gave for the appellee numbered 1 and 2.

The first of the two instructions given for the appellee is as follows: "If the jury believe from the evidence, that the plaintiff has made out his case, as laid in the declaration, by a preponderance or greater weight of the evidence, they must find for the plaintiff," etc. This instruction in substantially the same form was approved by this court in *Pennsylvania Co.* v. *Marshall,* 119 Ill. 399. But appellant contends that the instruction is erroneous

because it ignores the questions whether or not, first, the appellee knew the condition of the ditch; or, second, could have known of its condition by the exercise of ordinary care; or, third, had as good an opportunity of knowing its condition as the defendant had. Appellant contends that, under the first instruction, the jury might have believed all the elements contained in the declaration to have been proved as laid, and, still, as a matter of law, appellee would not be entitled to recover upon the theory that the declaration failed to allege, that appellee did not know of the dangerous condition of the ditch, or by the exercise of ordinary care could not have known of it, or did not have as good an opportunity to know as the defendant had. The declaration alleges, in addition to the allegations thereof in the statement preceding this opinion, that the plaintiff was "using due and ordinary care for his own safety." "The allegation of due care in the" injured party "negatives negligence, and, by implication, that he had knowledge of the defects by reason of which he was injured. * * * The allegation is, therefore, sufficient on error, if, indeed, it should be admitted that it would not be so on demurrer." (*Chicago and Eastern Illinois Railroad Co.* v. *Hines*, 132 Ill. 161; *Illinois Central Railroad Co.* v. *Simmons*, 38 id. 242). The allegation of due care in plaintiff's declaration negatived his knowledge of the defects by which he was injured; and the declaration stands as if it contains the express allegation, that plaintiff had no such knowledge. If plaintiff had knowledge of the defects, through which his injury was received, the fact of such knowledge is matter of defense. In *Chicago and Eastern Illinois Railroad Co.* v. *Hines*, *supra*, we said: "But it is a matter of defense that the deceased had knowledge of the defects through which his injury was received. Unless it shall appear from the evidence that he had such knowledge, it will not be presumed, since no one is presumed to knowingly incur physical pain and death where he can avoid it at his dis-

cretion." (*Chicago and Northwestern Railway Co.* v. *Coss,* 73 Ill. 394; *Wabash, St. Louis and Pacific Railway Co.* v. *Shacklet,* 105 id. 364). Hence, we are of the opinion that the court committed no error in giving the first instruction, which was given for the appellee. The same reasoning applies to the second instruction given for the appellee, inasmuch as the same defect is urged against the latter, which is urged against the former.

It may be observed in this connection, however, that the court did give to the jury in behalf of appellant instructions, which required them to find, as one of the conditions to appellee's right of recovery, that he did not know, or could not have known by the exercise of ordinary care that the ditch or sewer, in which he was working, was unsafe, and that his means of knowledge were not equally as good as those of the city.

Nor can it be said as a matter of law, that appellee assumed the risk of the dangers to which he was exposed. "The rule that the servant assumes the ordinary risks incident to the business pre-supposes that the master has performed the duties of caution, care and vigilance which the law casts upon him. It is these risks alone, which cannot be obviated by the adoption of reasonable measures of precaution by the master, that the servant assumes." (*Pantzer* v. *Tilly-Foster Iron Mining Co.* 99 N. Y. 376; *Booth* v. *Boston and Albany Railroad Co.* 73 id. 40; *Bartonshill Coal Co.* v. *Reid,* 3 Macq. 275). The law is, that the servant does not assume risks that are unreasonable or extraordinary; nor risks that are extrinsic to the employment; nor risks of the master's own negligence. In *Noyes* v. *Smith & Lee,* 28 Vt. 64, the Supreme Court of Vermont say: "The master is bound to exercise care and prudence that those in his employment be not exposed to unreasonable risks or dangers; and the servant has a right to understand, that the master will exercise that diligence in protecting him from injury.  *  *  *  It is only such injuries as have arisen after the exercise of that diligence

and care on the part of the master, that can properly be termed accidents or casualties, which the servant has impliedly agreed to risk, and for which the master is not liable."

*Second*—It is claimed on the part of the appellant that the court erred in refusing to give certain instructions asked by the appellant, and, among these, instructions numbered 26 and 37. Instructions 26 and 37 told the jury that, if they believed from the evidence that the plaintiff had as good an opportunity to ascertain for himself as the defendant had for itself, whether the sewer, in which he was working, was, or was not dangerous at the time of the injury, then and, in such case, if they believed from the evidence that plaintiff voluntarily continued to work therein, and, while working therein, was injured by reason of a portion of the bank of said ditch falling upon him, he was, in such case, not entitled to recover. Whether or not these instructions embodied a correct principle of law it is not necessary to decide, as their refusal worked no injury to the appellant for the reason that the doctrine announced therein was embodied in instruction No. 19 which was asked by the appellant, and which was given by the court for the appellant. Instruction No. 19, given for the appellant, stated to the jury as follows:

"And if you believe from the evidence that the plaintiff did know, or by the exercise of ordinary care on his part, might have known, of the condition of the bank or sides of said ditch, or if you further believe from the evidence that he had as good an opportunity of knowing of the condition of the bank or sides of said ditch as the defendant, then in law he is estopped from recovering in this action, and it is your duty to find for the defendant."

Complaint is made that the trial court refused instruction numbered 28 asked by the appellant. This instruction told the jury that, although they might believe from the evidence, that the plaintiff had no knowledge of the

condition of the sewer, and that the ditch or sewer might have been more safe if it had been braced or shored, still the question whether said ditch was or was not properly or securely braced is not a question to be passed upon by the jury, as there is no allegation charging that the plaintiff was injured by reason of the insufficient bracing or non-bracing, or the not properly bracing said ditch. This instruction numbered 28 told the jury, that the only question for them to determine was whether the plaintiff was injured by reason of the side or sides of the ditch being in a loose or water soaked condition. We think that the allegations of the declaration are broad enough to have justified the court in admitting the proof, which was admitted, tending to show that the sides of the ditch or sewer were not properly or securely braced or shored. The contention of appellant seems to be, that the allegations of the declaration are merely to the effect that the side or sides of the ditch were in a loose or water soaked condition, and not in a dangerous condition. It is claimed that, under the declaration, the appellee could only show such an unsafe and dangerous condition of the ditch, as was due to the fact that the sides thereof were permitted to remain in a loose and water soaked condition. We are unable to agree with counsel for appellant in this contention. The declaration alleges that the appellant disregarded its duty by failing to keep "the earth, sand and other substances" of the walls or sides of the sewer "firmly in place;" by "wrongfully, carelessly and negligently suffering the excavation for the sewer to remain in an unsafe condition;" by suffering "the earth, sand and other substances forming the sides or walls of said excavation to remain in a loose, water soaked and dangerous condition." The conjunction "and" is a co-ordinate conjunction. It is not explanatory, but signifies and expresses the relation of addition. As used in the declaration, as above quoted, it means that the earth, sand and other substances of the walls or sides of the ditch were

in a condition beyond, or in addition to, that of "a loose and water soaked" condition; and that they were also in a dangerous condition. Under the allegation that the sides of the ditch were in a dangerous condition it was proper to show by testimony, that they were in such dangerous condition by reason of the absence of proper braces. We are of the opinion that no error was committed by the court below in refusing to give said instruction numbered 28.

It is assigned as error, that the trial court refused to give appellant's instruction numbered 31, which said to the jury: "If you believe from the evidence that the plaintiff himself dug the ditch at the particular spot where he was injured, then, and in such case, the law is that he had such notice of the condition of the said ditch, as would bar him from recovering," etc. This instruction tells the jury that, as a matter of law, the fact, that the plaintiff was himself engaged in digging the ditch, was conclusive upon the question as to his knowledge of its defective condition. The fact, that he was so engaged, may have been a strong circumstance, from which the jury would be allowed to infer that he had such knowledge, but it was a question for them to determine, from that fact and from all the other evidence in the case, whether or not he did have such knowledge. While instructions, similar to instruction numbered 31, have been endorsed by the courts in some of the States, such instructions have not received the approval of this court. For example, in *Pennsylvania Co.* v. *Frana*, 112 Ill. 398, it was held that the trial court properly refused an instruction, which told the jury that, if the plaintiff there could have discovered the approach of the defendant's train, and avoided the injury by stopping his horse before driving upon the track and looking and listening for the approach of the train, he could not recover; and it was there said that, although it was the duty of a person about to cross a railroad track to approach cautiously

and endeavor to ascertain if there was present danger in crossing, yet it was a question of fact for the jury to determine from the evidence, whether the person injured had exercised proper care and caution in crossing the track, and not a question of law.   The case of *Pennsylvania Co.* v. *Frana* has been approved in the following cases:   *Myers* v. *Indianapolis and St. Louis Railway Co.* 113 Ill. 386; *Illinois Central Railroad Co.* v. *Haskins*, 115 id. 300; *Chicago and Alton Railroad Co.* v. *Adler*, 129 id. 335; *Chicago, St. Louis and Pittsburg Railroad Co.* v. *Hutchinson*, 120 id. 587; *Chicago and Iowa Railroad Co.* v. *Lane*, 130 id. 116; *Pennsylvania Co.* v. *Backes*, 133 id. 255; *Chicago and Northwestern Railway Co.* v. *Hansen*, 166 id. 623; *Pennsylvania Co.* v. *McCaffrey*, 173 id. 169.

Appellant asked the court to give instruction numbered 12, which told the jury that the credibility of a witness is a question exclusively for them, and that the law is that, where a number of witnesses testify directly opposite to each other, the jury is not bound to regard the weight of the evidence as evenly balanced; that they "have the right to determine from the appearance of the witnesses on the stand, their manner of testifying, their apparent candor and fairness, their apparent intelligence or lack of intelligence and all the other surrounding circumstances appearing on the trial, which witnesses are the more worthy of credit, and to give the credit accordingly."   The court modified this instruction by striking out the words, "from the appearance of the witnesses on the stand," and gave it as thus modified.   Counsel for the appellant contend that the court erred in thus modifying the instruction; and we agree with them.   In *Stampofski* v. *Steffens*, 79 Ill. 303, we said, that it was for the jury to determine the credibility of the witnesses "from the appearance of the two witnesses upon the stand, their manner of testifying," etc.   The court might well have given the instruction with the omitted words in it.   But the modification of the instruction, although technically er-

roneous, could have done the appellant no injury in this case, because the elements, presented to the jury by the instruction as means of determining the credibility of the witnesses, were involved in their appearance upon the stand. The jury must necessarily have observed the appearance of the witnesses on the stand, in order to determine their manner of testifying, their apparent candor and frankness, their apparent intelligence, or lack of intelligence. Therefore, the clause omitted from the instruction was substantially embraced in, and was necessarily a part of, the portions of the instruction, which were given.

It is further charged by the appellant, that the court below committed error in refusing to give instruction numbered 36 asked by the appellant. That instruction told the jury that, if they believed from the evidence that the injuries, inflicted upon the appellee, were caused by the negligence of his co-employees, who were engaged in attempting to put a brace in said ditch, then, and in such case, the defendant was not liable for such injuries, provided the jury further believed from the evidence that such persons, who were engaged in putting in said braces, were fellow-servants of the plaintiff. This instruction was properly refused for the reason that there was no evidence upon which to base it. The sewer or ditch was dug under the direction and supervision of the city street supervisor, named Burkhart, assisted by the assistant city engineer, named McGovern, who acted as a foreman under Burkhart. The proof tends to show, that the braces to prevent the sides of the ditch, which had been loosened by a recent rain, from falling in were put in under the direct personal supervision and express orders of the foreman for appellant. They were put in just as this foreman directed, and, the putting of them in being his act, was the act of the appellant itself. The foreman cannot be held to have been a fellow-servant of the appellee. If there was any negligence in the putting

in of the braces, it was the negligence of the foreman, and hence the negligence of appellant. The law of fellow-servant has no application to such a state of facts. Where a master confers authority upon one of his employees to take charge and control of a certain class of workmen in carrying on some particular branch of his business, such employee, in governing and directing the movements of the men under his charge with respect to that branch of the business, is the direct representative of the master, and not a mere fellow-servant; and all commands given by him within the scope of his authority are in law the commands of the master. (*Chicago and Alton Railroad Co.* v. *May,* 108 Ill. 288; *Wenona Coal Co.* v. *Holmquist,* 152 id. 581; *Mobile and Ohio Railroad Co.* v. *Godfrey,* 155 id. 78; *Fraser & Chalmers* v. *Schroeder,* 163 id. 459.) The foreman of the appellant was chargeable with a specific duty, to-wit: that of exercising reasonable care to see that the place, where he sent appellee to work, was reasonably safe, and appellee had the right to rely upon the performance of such duty by the foreman before the latter gave the order for appellee to work where he did work. Appellee was not required to make a critical and careful examination of his surroundings at the place where he was sent to work by the foreman. The foreman represented appellant, and was bound to take reasonable precaution for the safety of appellant's employees, and, in ordering appellee to work where he did work, was charged with the duty of seeing that the place was reasonably safe. (*Ross* v. *Shanley,* 185 Ill. 390).

We discover no error in this record which would justify us in reversing this judgment.

Accordingly, the judgment of the Appellate Court is affirmed.                    *Judgment affirmed.*