# The Chicago and Grand Trunk Railway Company

## v.

## Frank Spurney.

*Opinion filed June 19, 1902.*

1. VARIANCE—*variance is not material if not misleading.* If a tort is averred and the substance of the allegation is proven, a variance is not material if the opposite party has not been misled.

2. SAME—*when proof of an allegation of negligence is not variant.* An allegation that defendant "failed to provide any means of warning the plaintiff when said machinery was about to be put in motion," is broad enough to include the charge, and permit proof thereof, that the defendant did not, *on the particular day of the injury,* provide any such means of warning.

3. PLEADING—*when allegation may be regarded as immaterial.* An allegation as to the duty of the defendant when about to start the machinery at unusual times may be regarded as immaterial where the case made by the plaintiff does not relate to starting the machinery at unusual times.

4. MASTER AND SERVANT—*servant does not assume risks arising out of master's negligence.* The risks assumed by a servant are such, only, as cannot be obviated by the master's employment of reasonable measures of precaution.

*Chic. & Grand Trunk Ry. Co.* v. *Spurney,* 97 Ill. App. 570, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. S. C. STOUGH, Judge, presiding.

KENESAW M. LANDIS, (SOL ROSENBLATT, of counsel,) for plaintiff in error.

THEODORE G. CASE, for defendant in error.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The judgment of the superior court of Cook county awarding the defendant in error a judgment in the sum of $15,000 in an action on the case to recover damages for personal injuries sustained by him was affirmed by the Appellate Court for the First District. This is a writ of

error to bring the judgment of affirmance in review in this court.

The injury was inflicted on the 20th day of April, 1888. The cause was submitted to and tried by three juries, and has twice been heard in the Appellate Court.

It is complained the trial court permitted the introduction of evidence to establish that the plaintiff in error company was guilty of specific grounds of negligence not alleged in the declaration, and that the trial court should have sustained the motion entered by the defendant company to direct a peremptory verdict on the ground there was no evidence to show the defendant was guilty of the negligence charged in the declaration. The trial proceeded on the first count, only, of the declaration. In that count, after stating the plaintiff was in the employ of the said defendant as a laborer in its grain elevator, and that it was his duty, among other things, to assist in loading and unloading grain and to guide and handle certain grain shovels so used in said elevator and cars to unload cars of grain, which said grain shovels were connected with machinery which was operated by steam; that said grain shovels were moved by a rope, one end of which was attached to an automatic pulley geared upon the main shaft of said machinery, the other end of said rope being attached to the said grain shovel, and said shovels being guided by defendant in error and other operators who handled them in the car of grain to be unloaded, the declaration proceeded as follows: "And thereupon it became and was the duty of the said defendant to provide the plaintiff with reasonably safe machinery, means, appliances and facilities for doing said work and to exercise ordinary care to protect the plaintiff while so at work, yet the defendant, not regarding its duty in that behalf, then and there negligently failed to provide any means of warning for the plaintiff when said machinery was about to be put in motion, more particularly when said machinery was about to be put in motion

at a time of day when it was not usual or customary to run said machinery; that thereby and therefrom the said plaintiff, with due care and caution for his own safety in that respect, and while, in the course of his said employment, then and there adjusting and placing in a proper position for use the rope connecting said grain shovel with said machinery, was by reason of the negligent, careless and improper conduct of the said defendant in setting said machinery in motion, (which act on the part of the said defendant the said plaintiff had no reason to expect or anticipate,) causing said rope to be drawn rapidly upward upon said automatic pulley, caught and entangled in said rope, and was drawn and thrown violently upon and against a certain post and timber there, through which said rope passed; that thereby the plaintiff's leg was bruised, crushed, broken and mangled, and was injured so that it had to be amputated and re-amputated, and various other portions of the body of said plaintiff were mangled, bruised and injured."

The evidence established, without contradiction, the truth of the charge in the declaration that the plaintiff in error had not provided any means of warning the defendant in error or other of its workmen that the machinery was about to be put in operation. "Where a tort is averred and the substance of the allegation is proved, a variance is not material if the opposite party has not been misled." (22 Ency. of Pl. & Pr. 566.) The alleged variant testimony had no tendency to mislead the plaintiff in error company, as will hereinafter be made to appear.

The defendant in error, as a witness, and the other witnesses produced in his behalf, were allowed, over the objection of the plaintiff in error, to testify that the foreman, or a workman denominated a "caller," would generally, before the machinery was started, call out, "Ready —work," or, "I am going to start," and that on the occasion when the defendant in error was injured this employee did not so call out to the workmen. We do not

think it was error, reversible in character, to admit the testimony that the foreman or caller generally called out that work was about to begin or that the machinery was about to be started. The testimony was not received for the purpose of showing that the defendant in error had the right to rely upon such action on the part of the caller, as the basis for a charge of negligence, because of the omission to take such action on the day the defendant in error was injured. Such action on the part of this caller or foreman was not in obedience to any direction or command of the plaintiff in error company, but was simply voluntary upon his part. The purpose to be attained by the course frequently or generally pursued by the caller or foreman was to notify the employees that the hour had arrived to begin work, in order that all workmen should be ready and at their places when the machinery should begin to move. Incidentally it might serve to advise workmen to beware of any danger that would attend upon the movement of the machinery. The admission of the proof was, therefore, not improper for consideration as bearing on the question whether the defendant in error, on the occasion, was in the exercise of ordinary care for his own safety. Furthermore, the charge of negligence in the declaration that the plaintiff in error "failed to provide any means of warning for the plaintiff when said machinery was about to be put in motion," is broad enough to include a charge that the plaintiff in error did not, on the day in question, provide any means for giving the defendant in error any such notice. The substance or gist of the charge of negligence made in the declaration is, that no warning was given that power was about to be applied to the machinery and the same set in motion. The proof complained of was not, therefore, at variance with the allegation of the declaration, but corresponded with the substance thereof. Nor had such testimony any tendency to mislead the plaintiff in error. It tended to prove the gist of the negligence

charged in the declaration, namely, that the machinery was started on the occasion in question without warning to the defendant in error.

In *City of Chicago* v. *Seben*, 165 Ill. 371, the first count in the declaration charged that the city negligently permitted a deep and dangerous hole over and into a certain catch-basin below the street to remain open and uncovered, and that the plaintiff fell therein and was injured, and the second count averred that the city negligently permitted a catch-basin in the street to remain open, uncovered and unprotected, and that the plaintiff fell into the catch-basin. We said (p. 376): "Proof that the defendant fell into a hole is not at variance with the allegation that he fell into a 'hole over and into a certain catch-basin.' The hole was really a sewer inlet, designed to carry the water off into the catch-basin."

In *Lake Shore and Michigan Southern Railway Co.* v. *Hundt*, 140 Ill. 525, it was said (p. 529): "It is contended on behalf of appellant that a material part of the allegation in the declaration is, that the appellee was in the *act* of removing the hand-car *when* the freight car was *switched* upon him, and that the evidence in the record fails to show that this was the fact. As we understand the record, there is evidence tending to prove that the freight car causing the damage which is the subject of the litigation was 'kicked,' as it is termed by the witnesses, on to the track designated No. 1, after appellee began, with the aid of Schielcke, to remove the hand-car from the main track to the track designated No. 1, and that is sufficient for the present question.   *   *   *   But waiving this, the gist of the allegation in the declaration is, that while appellee, who was in appellant's employ, was removing a hand-car from one track to another to avoid an approaching train, appellant negligently caused a freight car to be switched and run against the hand-car which appellee was removing, and thereby wounded appellee. It is immaterial when the act of causation was

begun. . It is sufficient if its force was continued to and it in fact did the damage to recover for which the suit is brought."

There was no proof that the machinery, on the occasion when the injury was inflicted, was started at a time when it was unusual or not customary to start the same. That did not, however, constitute error for which this judgment should be reversed. Allegations which are descriptive of the identity of that which is legally essential to the claim or charge, or allegations which are intended to set forth the contract out of which arises the duty which is said to have been omitted or violated, are material and cannot be rejected, but must be proven as alleged. Departure in the proof in respect of such allegations is regarded as a material variance. (*Wisconsin Central Railroad Co.* v. *Wieczorek*, 151 Ill. 579; 22 Ency. of Pl. & Pr. 552, 565, 588; *Wabash Western Railway Co.* v. *Friedman*, 146 Ill. 583.) In the *Friedman case* the right of recovery was based upon the alleged failure of the railway company to observe and perform the duty which devolved upon it, as a common carrier, by reason of the obligation arising out of an express or implied contract entered into by the railway company by which Friedman became a passenger on one of its trains. It was therefore held necessary that the allegations descriptive of the contract to carry him as a passenger should be proven as alleged, and that any variance between the allegations and proof as to the termini of the journey was held to be fatal. Allegations not of the character above mentioned, but such as are foreign to the merits of the cause and which may be wholly rejected without injury to the full and correct statement of the claim or cause,—known as impertinent allegations,—or allegations which are but statements of unnecessary particulars in connection with or as descriptive of what is material,—known as immaterial averments,—need not be proven. (22 Ency. of Pl. & Pr. 535-538; *Thrasher* v. *Ely*, 2 Sm. & M. 139.) The allegation

in the declaration as to the duty of the plaintiff in error when about to put the machinery in motion at times or hours of the day when it was not usual or customary to run the machinery may be regarded as an immaterial allegation. The case made by the proof upon the part of the defendant in error,—and no proof except in that behalf was introduced,—did not relate to an occasion when the machinery was put in motion at an unusual time.

In *City of Rock Island* v. *Cuinely*, 126 Ill. 408, we said (p. 411): "The rule is, that the allegation of the declaration must be broad enough to let in the proof, and that no evidence will sustain a verdict that does not find support in such allegation. But in actions for torts it by no means follows that every allegation of matters of substance must be proved. In general, it will be sufficient if enough of the facts alleged in the declaration are proved to constitute a cause of action. 'There is,' says Chitty, 'a material distinction between the statement of torts and of contracts, the former being divisible in their nature, and the proof of part of a tort or injury being, in general, sufficient to support the declaration.' (Chitty's Pl. 305.) 'In torts, the plaintiff may prove a part of his charge if the averment is divisible and there be enough proved to support his case.' Ibid. 386, 387; *Cheetham* v. *Tillotson*, 5 Johns. 430; Hilliard on Remedy for Torts, 162-360."

It is a well settled rule of pleading that no allegation which is descriptive of any part of a matter which is legally essential to the claim or charge can be altogether rejected, inasmuch as the variance destroys the legal identity of the claim or charge alleged with that which is proved; and it is an equally well settled rule that when such averment may be wholly rejected without prejudice to the charge or claim, proof is unnecessary and a discrepancy between the allegation and the proof in that respect is unimportant. (*State Bank* v. *Peel*, 11 Ark. 750.) "Accordingly, it is not necessary to prove

impertinent allegations, or, in other words, those altogether foreign to the merits; and a variance between the proof and immaterial averments, which may be stricken out as surplusage without destroying or changing the legal effect of the remainder, is not fatal unless the allegations, though unnecessary, are descriptive of the identity of that which is legally essential to the claim, charge or defense." (22 Ency. of Pl. & Pr. 535.)

The insistence cannot be maintained it should be ruled that, as matter of law, the defendant in error assumed the risk of the danger from which he suffered the injury. The risks assumed by a servant are such, only, as cannot be obviated by the employment by the master of reasonable measures of precaution. Risks that are unreasonable or extraordinary or that arise from the master's negligence are not assumed. *City of LaSalle* v. *Kostka,* 190 Ill. 130.

The judgment is affirmed.

*Judgment affirmed.*