## Chicago & Alton Ry. Co. v. Harry D. Howell.

1. MASTER AND SERVANT—*Servant Does Not Assume Risk of Being Injured by Master's Negligence.*—The law does not require the servant to assume the risk of being injured by his master's negligence. It does not recognize the master's negligence as a risk incident to the servant's employment.

C. & A. Ry. Co. v. Howell.

2. Same—*Particular Risks Not Assumed by the Servant.*—A switchman working in extensive railroad yards can not be said, as a matter of law, to have known that one of the many switch-stands was so constructed or stood in such close proximity to one of its many tracks as to be dangerous.

3. Railroads—*Extent of Rule that the Question of Railroad Construction Can Not be Submitted to a Jury.*—The courts of Illinois have not recognized the rule that the manner of constructing a railroad is an engineering question that can not be submitted to a jury on a charge of negligence, as applicable to structures of any kind erected or maintained in connection with the operation of the railroad, such as a mail-catcher, telegraph pole, coal shed, flag station, awning post, coal shute, scale-house, switch-stand, or other structure.

4. Instructions—*When Not Error to Omit Element as to Whether Plaintiff Assumed the Risk in Personal Injury Cases.*—Where the declaration in a personal injury case alleges that the plaintiff did not know, and had not the means of knowing, the dangerous proximity of a switch-stand to the track, an instruction to the jury that if they "believe from the evidence that the plaintiff has made out his case as alleged in his declaration in this case, or in any one count thereof, by a preponderance of the evidence, then it is your duty to find the issues in favor of the plaintiff," is not erroneous because it omits the element as to whether the plaintiff assumed the risk.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of St. Clair County; the Hon. Martin W. Schaefer, Judge presiding. Heard in this court at the February term, 1903. Affirmed. Opinion filed September 10, 1903.

Charles P. Wise, attorney for appellant.

Daniel McGlynn and M. W. Borders, attorneys for appellee.

Mr. Presiding Justice Creighton delivered the opinion of the court.

This was an action in case, in the Circuit Court of St. Clair County, by appellee against appellant, to recover for a personal injury sustained by appellee while in the service of appellant as a switchman in appellant's extensive yards at East St. Louis and Venice. Trial by jury, verdict in favor of appellee for $11,000. Remittitur of $1,000. Judgment on the verdict for $10,000.

The declaration consists of two counts, which as abstracted by appellant's counsel in his brief, are as follows:

" The first alleges that it was the duty of the defendant to provide for the use of its servants a reasonably safe place to work; that plaintiff was in defendant's employ as a switchman; that defendant maintained a certain switch-stand in such close proximity to the railroad tracks as to be dangerous to the life and limb of the defendant's servants; that while in the employ of defendant, without any knowledge or any means of knowledge of the danger-ous proximity of said switch-stand to one of said tracks upon which plaintiff was at work as a switchman, and while exercising due care in attempting to uncouple one of the cars, he was struck by said switch-stand, injured, etc.

The second count alleges that defendant negligently maintained a certain switch-stand in said yards so that the switch-handle or lever turned in the direction of the tracks on which plaintiff and other employes of defendant were switching cars; that plaintiff had no knowledge of the switch-handle turning in that direction; that said switch-handle, when so turned, was dangerously close to the track and cars moving thereon, with which plaintiff was working; that on the date aforesaid, while switching, and without knowing the dangerous proximity of said switch-handle or lever to the track upon which the plaintiff was working, and without knowledge that the said switch-stand was so set and arranged as to run the switch-handle or lever toward said track on which plaintiff was working, instead of away from said track, and while using due care in attempting to uncouple the car, the plaintiff was injured, etc."

To this declaration appellant pleaded not guilty.

The principal grounds upon which a reversal is asked are : That the injury complained of is one that is embraced within the assumed risks; that appellee was guilty of con-tributory negligence; that the court admitted improper evidence; that the court gave on behalf of appellee an im-proper instruction; that the court refused to give on behalf of appellant proper instructions, and that the verdict is excessive.

The evidence tends strongly to prove every material alle-gation of the declaration. The jury was warranted in finding in favor of appellee upon every material issue of fact raised by the pleadings.

In support of the contention that the injury complained

of is within the assumed risks of such employes as appellee was at the time he was injured, counsel cites four groups of cases. The first group holds and applies the rule that "a servant assumes all the risks incident to his employment." This rule has no application to this case. The charge here is that the injury was the result of the master's negligence. The law does not require the servant to assume the risk of being injured by his master's negligence. The law does not recognize the master's negligence as a risk incident to the servant's employment. C. & E. I. R. R. Co. v. Hines, 132 Ill. 161; City of LaSalle v. Kostka, 190 Ill. 130; C. & G. T. Ry. Co. v. Spurney, 197 Ill. 471.

The second and third groups hold and apply the rules that " the servant assumes all the dangers that are obvious," and " where a defect or danger is known to a servant and he continues in the service, he assumes the risk." In this case it was a question of fact for the jury whether the danger was obvious to appellee, and also as to whether he knew of the defect and danger prior to his injury. Upon the state of case disclosed by the record we can not say as matter of law, that the danger was obvious to appellee, nor that the defect was known to him, nor that under the circumstances he ought to have known it.

The fourth group holds and applies the proposition that " the manner of constructing a railroad is an engineering question that can not be submitted to a jury on a charge of negligence." The two leading cases cited in this group are C. & E. I. R. R. Co. v. Driscoll, 176 Ill. 330 (the " butt-post " case), and I. C. R. R. Co. v. Campbell, 170 Ill. 163 (an "unblocked frogs " case).

Whatever may be the proper application of this view of the law in this state, and to whatever length it may have been extended and applied elsewhere, our courts have not recognized it as applicable to structures of any kind erected or maintained in connection with the operation of the road, such as a " mail-catcher," telegraph pole, coal shed, flag station, awning post, coal chute, scale-house, switch-stand, or other structure. Some of the Illinois cases bearing upon

this question are : I. C. R. R. Co. v. Welch, 52 Ill. 183; C., B. & Q. R. R. Co. v. Gregory, 58 Ill. 272; C. & I. R. R. Co. v. Russell, 91 Ill. 298; I. & St. L. R. R. Co. v. Whalen, 16 Ill. App. 320; and again in 19 Ill. App. 116; C. & A. R. R. Co. v. Stevens, 91 Ill. App. 171.

In I. C. R. R. Co. v. Welch, above cited, counsel for appellant contended, as counsel do here, that a person engaged for a particular service and knowing or having the means of knowing all the conditions, assumes all the risks arising therefrom. The court replies :

" As a general legal proposition this is undoubtedly true, but we are of opinion it does not cover the facts of this case. There are many freight depots and station houses upon the line of the Central Railway, and it would be preposterous in us to say, or to ask a jury to say, that a brakeman engaged in the service of the company must be held to know whether or not there may be one among them whose roof or awning so projects over the line of the road that a brakeman on a freight train, in performance of his duties, would be liable to be swept from the train by collision with it."

There were many switch-stands in appellant's extensive yards in which it set appellee to work, and we can not say, as matter of law, that appellee knew, or ought to have known, that one among them was so constructed, or stood in such close proximity to one of its many tracks, as to be dangerous. To quote further from I. C. R. R. Co. v. Welch :

" It would have been morally impossible for him to have ascertained the existence of all such special perils as this which caused the injury * * * and moreover * * * the danger was of such a character that it might well escape the observation of a person who had been even for a long time upon the road."

We are of opinion that the evidence furnishes no foundation for the insistence here, that appellee was guilty of contributory negligence, and we are also of opinion that the record does not disclose any substantial error in the rulings of the trial court as to the admission of evidence.

On behalf of appellee the court gave the following instruction:

" The court instructs the jury that if you believe from the evidence that the plaintiff, Harry Howell, has made out his case as alleged in his declaration in this case, or any one count thereof, by a preponderance of the evidence, then it is your duty to find the issues in this case in favor of the plaintiff."

It is contended that the giving of this instruction is reversible error, and counsel cite C., R. I. & P. Ry. Co. v. Cleveland, 92 Ill. App. 318; Herdman-Harrison Milling Co. v. Spohr, 145 Ill. 329. It is insisted that this instruction omits the important element as to whether appellee assumed the risk.

The authorities relied on hold, as do many others, that " when an instruction purports to give the different elements, which, if found to exist, will authorize a recovery, it should omit no element essential to a recovery." This is a correct statement of the law as we understand it. The question is, does this instruction, as the record in this case stands, " omit appellant's defense that appellee assumed the risk." So far as that defense was a question of law, the jury could not determine it; and so far as it was a question of fact it was before the jury in the issue as to whether appellee knew, or ought to have known, of the dangerous proximity of the switch-stand to the track.

The declaration alleges that he did not know and had not the means of knowing, of such dangerous proximity. If the allegations of the declaration are true, then there was no assumed risk. Under the instruction complained of, the jury could not find for appellee unless he had proven by a preponderance of the evidence every fact necessary to overthrow the defense of assumed risk. His declaration by apt language excluded that defense, and the instruction requires him to prove his declaration before he can have a verdict.

In C., R. I. & P. Ry. Co. v. Cleveland (particularly relied on by counsel, because of the fact that the language of the instruction in that case is substantially the same as that of the one in this,) the declaration did not allege that the

plaintiff there, had no knowledge of, or means of knowing, nor did it contain any allegation of any kind excluding the defense of assumed risk. On page 318 of the opinion in that case, the court say:

" The declaration alleges, in substance only, that appellant was negligent, that appellee was injured as a result of such negligence, and that he was at the time in the exercise of due care."

The instruction condemned in Herdman-Harrison Milling Co. v. Spehr, above cited, is not the same character of instruction as the one before us, in any sense. It is half a page in length, and neither mentions nor in any way refers to the declaration, nor to any fact which, if proven, would exclude the defense of assumed risk.

The instruction complained of here has been approved by our Supreme Court in West Chicago St. R. R. Co. v. Lieserowitz, 197 Ill. 607; Central Ry. Co. v. Bannister, 195 Ill. 48; and City of LaSalle v. Kostka, 190 Ill. 130, and in many cases referred to in these.

The court refused to give three instructions asked by appellant. They were all properly refused. Two of them start with the statement that an employe " assumes all the risks of his employment." This feature of the law as applicable to the issues and facts of this case we have fully discussed herein.

The other refused instruction is to the effect that if " the switch-stand in question had been in use upon defendant's road for a long time prior to plaintiff's being injured," and was reasonably safe to be " used for the purpose that it was made," then the jury should find for appellant. This instruction is general in its terms; does not specially apply to any issue of fact in this case; gives undue importance to the fact that the switch-stand had been in use for a long time; ignores the fact that appellee had been in service in that yard but a comparatively short time; ignores entirely the issues of fact as to the dangerous proximity of the switch-stand to the track, and as to appellee's knowledge of, or means of knowing of, such dangerous proximity; does

not make clear what is meant by " reasonably safe to be used for the purpose that it was made," and upon the whole would give the jury to understand that even if they should find that the switch-stand was maintained dangerously close to the track, and that such fact was not, under the circumstances, obvious to appellee, and that he had no knowledge of its situation, nor reasonable means of knowing, and was in the exercise of due care and caution for his own safety, still if this switch-stand had been in use there a long time, and would serve the purpose for which it was made, and was reasonably safe to be used by a switchman who did know of its dangerous proximity to the track, then the jury should find for appellant. It ignores substantially all the contested issues of fact in the case and is susceptible of being understood as telling the jury, as matter of law, that under the undisputed facts of the case appellant was guilty of no negligence. The most favorable view that can be taken of this instruction is, that if it had been given it could have served no proper purpose, and would have been likely to mislead the jury.

Finally, it is insisted that the amount of damages assessed is excessive. Appellee was a young man capable of earning good wages. He was badly injured; made a cripple for life. We find nothing in the record that would warrant us in reversing the case on the ground of excessive damages. The following are a few of the Illinois cases in which that question is discussed : I. C. R. R. Co. v. Simmons, 38 Ill. 242; Chicago City Ry. Co. v. Wilcox, 33 Ill. App. 450; C. & A. R. R. Co. v. Fisher, 38 Ill. App. 33; Gibson v. Glizozinski, 76 Ill. App. 400; North Chi. St. R. R. Co. v. Dudgeon, 83 Ill. App. 528; Pennsylvania Co. v. Reidy, 99 Ill. App. 477.

We find no substantial error in this record. The judgment of the Circuit Court is affirmed.