## Chicago Union Traction Company v. Henry Hampe.

### Gen. No. 12,807.

1. DECLARATION—*extent of proof required in actions of tort.* The plaintiff is not bound, in an action of tort, to prove every material averment of his declaration; if he proves enough of the material allegations to make out a cause of action he is entitled to recover.

2. DECLARATION—*in action on the case construed.* *Held*, that the declaration in this case charged negligence as the ground of the action and not the collision, which, in the absence of negligence, would not be a ground of action.

3. MEDICAL EXPERT—*when may give opinion as to physical condition.* A medical expert who has examined a party for the purpose of testifying to his physical condition at a time remote from the accident, may state what condition he found, if his opinion is predicated upon objective symptoms.

4. VERDICT—*when not excessive.* *Held*, that a verdict of $2,500 was not excessive, notwithstanding the injury did not completely incapacitate the plaintiff for work, where it did seriously impair his health, and was to some extent permanent.

Action on the case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Affirmed. Opinion filed December 28, 1906.

**Statement by the Court.** This is a personal injury case in which there was a verdict and judgment for plaintiff for $2,500. The declaration, consisting of one count, alleges that on November 3, 1902, defendant was possessed of, owned and operated a street railway in Western avenue, Chicago, with electric cars running thereon; that plaintiff was a passenger on a certain car of defendant running south upon said tracks, and it became the duty of defendant to use due care and diligence in and about the operation of said car; yet defendant did not regard its duty in that behalf nor use due care and diligence, but so negligently, carelessly and unskillfully ran and operated its said car that the car struck with great force and violence against and collided with a certain

wagon then and there on the tracks of the defendant, whereby the plaintiff, who was then and there in the exercise of due care and caution for his own safety, was thrown with great force and violence from said car down upon the ground and thereby and because thereof sustained the injuries complained of.

The accident happened on November 3, 1902, about seven o'clock or a little later in the morning, on Western avenue between Ohio street and Grand avenue. The car on which plaintiff was a passenger standing on the front platform, ran into a large wagon loaded with asphalt and drawn by a double team, standing on the west or south bound tracks of the defendant and facing to the north. Immediately behind this wagon was another large wagon loaded with the same material. The dashboard or front of the car struck the pole of the front wagon. The horses of the front wagon were knocked down, and some damage was done to the car and to both the wagons. The evidence tends to show that the plaintiff was thrown off the car by the collision or pushed off the car by the other passengers on the front platform who attempted to escape from the car just prior to the collision.

JOHN A. ROSE and ALBERT M. CROSS, for appellant; W. W. GURLEY, of counsel.

HENRY R. RATHBONE, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

The contentions of appellant are that there was no proof of the material allegation that the collision caused plaintiff to be thrown to the ground; that there is a fatal variance between the allegation of the declaration and the proof; that the court erred in giving the second, fifth and sixth instructions asked by the plaintiff; that the court erred in rulings on evi-

dence and that the damages are excessive. No claim is made that appellant did not negligently and unskillfully run and operate its car as alleged in the declaration, or that the evidence does not show it.

The first contention as stated above, that there is no proof that the collision caused plaintiff to be thrown to the ground, presents, in our opinion, an immaterial question under the averments of the declaration and the evidence, for the reason that the gist of the allegation of the declaration is that through or by the negligence of the defendant in operating the car in question the plaintiff without fault on his part was injured; and if this was proved, plaintiff was entitled to a recovery, although all the material averments were not proven. It was not essential to a recovery to prove that plaintiff was knocked or thrown from the car by the force or the shock of the collision. If by the negligent and unskillful operation of the car plaintiff was placed in such a position of danger that he was compelled to leap from the car and thereby sustained injuries, he would have the same right to recover as if he had remained on the car and was thrown off and hurt in the collision itself.

As said in L. N. A. & C. Ry. Co. v. Shires, 108 Ill. 617, on page 631: "This was an action on the case—a tort—and the plaintiff was not bound to prove every material averment of his declaration. If the plaintiff prove enough of the material allegations to make out a cause of action, he would be entitled to recover, although all the material averments were not proven."

If the averment in the declaration following the averment of negligence, that the car "struck with great force and violence against and collided with a certain wagon * * * whereby the plaintiff * * * was thrown with great force and violence from said car down upon the ground" is to be construed as

saying that it was the collision which caused the injury and not the negligence of appellant alleged, as counsel for appellant seem to argue, a different question would be raised. But we do not so construe the declaration. The clause "whereby the plaintiff," etc., refers back to the negligence of appellant previously alleged, and does not necessarily relate to the collision. It was the negligence, in other words, that the pleader sets up as the ground of action and not the collision, which in the absence of negligence on the part of defendant would not be a ground of action. Hence the averment that the car struck and collided with the wagon may be rejected without prejudice to the claim in the declaration. As was said in C. & G. T. Ry. Co. v. Spurney, 197 Ill. 471, at page 476: "It is a well settled rule of pleading that no allegation which is descriptive of any part of a matter which is legally essential to the claim or charge can be altogether rejected, inasmuch as the variance destroys the legal identity of the claim or charge alleged with that which is proved; and it is an equally well settled rule that when such averment may be wholly rejected without prejudice to the charge or claim, proof is unnecessary and a discrepancy between the allegation and the proof in that respect is unimportant." See also City of Rock Island v. Cuinely, 126 Ill. 408; Mo. Malleable Iron Co. v. Dillon, 206 *id.* 145, 156, 157; and L. S. & M. S. Ry. Co. v. Hundt, 140 *id.* 525, where it is said: "It is immaterial whenever the act of causation was begun. It is sufficient if its force was continued to in fact do the damage, to recover for which the suit is brought."

As we understand the record, however, there is evidence tending to show that plaintiff was thrown off the car by the collision of the car with the wagon.

The testimony of the plaintiff was that he was a passenger on the front platform of the car in ques-

tion and rode until he heard some loud shouting and that was all he knew about it until he was lying at home in bed. This is his testimony, omitting what he said when called in rebuttal about which there seems to be some uncertainty as to whether it remained in the record or was stricken out. The conclusion or inference to be drawn from this testimony is that plaintiff did not step off the car or leave the car before the collision.

The witness Fairman testified that the man (plaintiff) was lying about seventy-five feet north of his store or nearly opposite No. 224 North Western avenue.

The witness Jundhar testified that he saw the man who was injured "lying near up to the curb about three to five feet off of the car on the west side of Western avenue."

Mrs. Schweiger saw the injured man being taken from the side of the car on the west side of Western avenue and laid down with his head on the sidewalk and his feet on the street.

Mrs. Giroux saw the car collide with the wagon fifteen feet from the front of her house; that at the time of the collision the front platform of the car was crowded, as she remembered it.

The testimony of these witnesses tends to show that plaintiff was on the car at the time of the collision. On the contrary, several witnesses testified that the plaintiff and all other passengers on the platform except one left the car before the collision. There is thus a conflict in the evidence on this question. It was for the jury to decide. The verdict finds reasonable support in the evidence and we are not disposed to disturb it.

It is urged by appellant that the second, fifth and sixth instructions given by the court at the instance of appellee were fatally erroneous. We have ex-

amined these instructions and do not find reversible error in them.

Dr. McGregor was called on behalf of the plaintiff and testified to making an examination of the plaintiff on the evening before he testified, and as to the conditions which he found. From the objective symptoms alone he diagnosed plaintiff's condition to be neurasthenic. He testified that the causes of neurasthenia were worry, overwork and traumatism, and that he was able to form an opinion as to the cause of plaintiff's present condition, and that the accident (supposed in the question) might be the cause. Dr. McGregor, among other things, found from his examination of the plaintiff that all the reflexes were exaggerated and that the knee reflex was the most exaggerated.

At the close of the evidence counsel for appellant moved to strike out all of Dr. McGregor's testimony in regard to finding an exaggerated reflex. The court denied the motion. The ground urged is that the examination was made nearly three years after the accident, and the physician could not tell how long it had existed or what had caused it, and therefore the testimony was speculative.

Another motion was made on substantially the same ground to strike out the testimony of the same witness, that plaintiff had neurasthenia.

We think the testimony of Dr. McGregor does not fall within the rule laid down in C. & E. I. R. R. Co. v. Donworth, 203 Ill. 192, 196, 197, and Stevens v. People, 215 id. 593, 602, or within the reason of the rule. His testimony was based on objective symptoms alone and the history of the case as disclosed by the evidence in the case. It was not based on anything appellee told him. It was not reversible error to deny the motions to strike out the testimony.

We cannot say after a careful examination of the evidence that the damages awarded by the jury are

excessive. The evidence convinces us that the injury received by appellee was very serious. While he has not been incapacitated for work altogether, his health and strength have been greatly affected and his injury is to some extent permanent in its nature. Whether twenty-five hundred dollars is the right amount or not is not susceptible of exact ascertainment. It is probable that if the amount of damages suffered by appellee had been submitted to us sitting as a jury, we would have awarded a less amount. But the amount assessed by the jury is not so large as to indicate that it was the result of partiality or prejudice or passion, and it is not our duty, therefore, to set aside the verdict.

We find no reversible error in the record and the judgment of the Superior Court is affirmed.

*Affirmed.*