## Robert M. Mackie, Appellee, v. Webster Manufacturing Company, Appellant.

### Gen. No. 17,527.

1. MASTER AND SERVANT—*assumed risk.* A servant, by continuing at work at a ladle of molten metal after he knew that an incompetent workman had been ordered to place cold metal in it, does not assume the risk where the circumstances required close attention to his work to prevent the metal from spilling and injuring himself and others.

2. MASTER AND SERVANT—*assumed risk.* A servant does not assume the risk of the master's negligence.

3. MASTER AND SERVANT—*fellow-servant rule not involved.* If the negligence charged and proved is that of the master, the fellow-servant rule is not involved.

4. INSTRUCTIONS—*when referring jury to declaration proper.* An instruction in an action for personal injuries is proper, though it refers the jury to the negligence as charged in the declaration, where the declaration avers facts showing that plaintiff cannot be held to have assumed the risk and negatives such assumption by an averment of the exercise of ordinary care with reference to the alleged negligence.

5. MASTER AND SERVANT—*instructions.* Where it is alleged the defendant negligently ordered an incompetent workman to perform an act and that the injury complained of was caused by the incompetent performance thereof, the words, "temporary peril" in an instruction which authorizes recovery under certain circumstances if plaintiff was exposed to a "temporary peril" and if such exposure was negligence, refer to the act complained of and are not misleading.

6. INSTRUCTIONS—*assumption of fact alleged.* An instruction is not objectionable which assumes a fact as to which there is no controversy.

7. MASTER AND SERVANT—*instructions.* An instruction is not reversible error which may be open to the construction that the jury may find from the evidence alone that the person whose alleged negligence caused the injuries was a fellow-servant, etc., where other instructions stated that the jury must look to the instructions for the law and that they should regard them as a series, and where the facts of the case did not involve the fellow-servant rule.

8. EVIDENCE—*admissibility.* Where, in an action for injuries received when scrap iron was dropped into a ladle of molten metal, there is no controversy as to such act, it is not error to permit testimony as to the proper method of putting iron into a ladle.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. MAZZINI SLUSSER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed November 12, 1912. Rehearing denied December 10, 1912. *Certiorari* denied by Supreme Court (making opinion final).

JOHN A. BLOOMINGSTON, for appellant.

FRED H. ATWOOD, FRANK B. PEASE and CHARLES O. LOUCKS, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

The judgment appealed from is for the loss of an eye by appellee while in appellant's employ. Under the direction of the foreman another employee threw or dropped some cold metal, called sprues, into a ladle of molten metal at which appellee was at work, thereby causing a splash and a spark or piece of metal therefrom to fly into appellee's eye. The gist of the first two counts of the declaration is that the foreman negligently ordered an inexperienced man to do the act, and that of the third count is that defendant negligently did the act by an inexperienced man without first inserting the end of the cold metal into the molten metal and then allowing it to slip into it.

As stated in the language of appellant's counsel:

"It frequently becomes necessary in the pouring of metal to cool it slightly in order to give it the proper consistency for pouring into the molds and the method of doing the cooling is twofold: one method is to place some scrap iron in the bottom of the empty ladle before it is poured into it; and the other is to take pieces of iron and slide them over the side of the ladle when it is full of molten iron. There is danger in this latter method because if the cold iron is dropped into the molten iron, it may splash and burn those nearby."

The first point relied upon for reversal is that the evidence does not support the verdict in that there is no proof that the employee, Kroll, who was given the order and performed the act was inexperienced in doing such work, or that the defendant knew or should have known such fact. The evidence relating to Kroll's experience was conflicting and somewhat uncertain, but it raised a question of fact for determination by the jury. The trial was some four years after the accident. Kroll testified that he then had been working for defendant seven years; that at the time of the accident he had been working there about

four years; that he received his instructions how to do the work from the foreman Anderson about three years after he went to work there. It appears that he was a man of a low degree of intelligence; that although he had been in the country ten years at the time of the trial, he was unable to speak the English language; that the instructions he received consisted merely of the foreman doing the acts and telling him in English "to do it like that." It does not appear that he was told or knew the danger incident to doing the act improperly, and two or three others who worked nearby him said they had never seen him do it at all. It is evident that either from inexperience or gross carelessness, he performed the act improperly at the time of the accident, and, taking all the evidence together, relating to the time he first did that kind of work, if at all, which according to appellant's witnesses was not long before the time of the accident, it was a question of fact for the jury to determine whether or not he was an experienced man, and whether or not it was not negligence to order him as an inexperienced man to perform the act in question. Special interrogatories relating to this question were submitted to the jury at the instance of appellant's counsel and answered adversely to his contention. We cannot say upon the entire evidence that the question of fact was not properly submitted to the jury, and that their finding was not in accordance with the preponderance of the evidence.

If it was a question of fact for the jury to determine whether Kroll was inexperienced and whether there was negligence in giving him the order or selecting him for such duty, and if the finding of the jury in the affirmative was supported by the evidence, then the questions of whether appellee assumed the risk and whether the act was negligence of a fellow-servant, are largely eliminated from the case.

As to assumed risk, it is contended that appellee continued in his work with knowledge of Kroll's incompe-

tency. He testified that he heard the order given to Kroll to throw the scrap into the ladle and knew he was not the regular man to do it, but that he did not pay particular attention to him because the ladle was being raised out of the pit to be swung by a crane to the molds, and by reason of some portions of the crane being out of perpendicular and the ladle not being clear of the pit, he and his partner had to hold it in a certain position which required his attention. He had never spoken to Kroll and had never seen him do the work before. His knowledge of his inexperience or incompetency was apparently altogether negative. However, under the circumstances which required close attention to his own work lest the metal spill out and injure himself or others, we think he was excused in not leaving his position, even had he known of Kroll's inexperience. Upon a similar state of facts, the court, in Fraser & Chalmers v. Schroeder, 163 Ill. 459, said that the rule that an employee cannot recover where he has knowledge of the incompetency of another, but continues in the service until he is injured through such incompetency, did not apply where the plaintiff had no reason to expect that the incompetent employee would be ordered to perform the duty until the moment he was told to do so and it was impossible for him then to abandon his post, even though he had known of such employee's want of skill. Except upon the claim of appellee's knowledge of Kroll's incompetency, the question of assumed risk does not arise in this case, the negligence charged being that of the master, acting through the foreman; for the doctrine is well established that the servant does not assume the risk of the master's own negligence. City of La Salle v. Kostka, 190 Ill. 130; Chicago & G. T. R. Co. v. Spurney, 197 Ill. 471; Pullman Palace Car Co. v. Laack, 143 Ill. 242; John S. Metcalf Co. v. Nystedt, 203 Ill. 333.

What we have already said disposes of the question of negligence by a fellow-servant, for, if the jury found that the negligence was that of the master, as charged in the declaration, then the question of whether plain-

tiff was injured by the negligence of a fellow-servant does not arise. The fellow-servant rule is not involved where the negligence charged and proven is that of the master. Leonard v. Kinnare, 174 Ill. 532; Cal Hirsch & Sons Iron & Rail Co. v. Coleman, 227 Ill. 149.

It is urged that there was eliminated from certain instructions directing a verdict the question of assumed risk. One instruction told the jury that if they believed from the evidence that the defendant has been guilty of the negligence "charged in the declaration," and that such negligence caused the injury to the plaintiff, "complained of in the declaration," and that plaintiff was in the exercise of ordinary care, etc., they should find defendant guilty. Another instruction told the jury that if they believed from the evidence that plaintiff was injured by a temporary peril and was exposed to the same by the foreman of the defendant, and that the exposure to such temporary peril was negligence on the part of the defendant as charged in the declaration, and that he was in the exercise of ordinary care, etc., then they should find defendant guilty. This form of instruction in thus referring to the declaration has been frequently criticised; but it has been upheld in cases where there were averments in the declaration which could be construed to negative the assumption of risk by the plaintiff. Such is the case of James S. Kirk & Co. v. Jajko, 224 Ill. 338, and also the case of City of La Salle v. Kostka, *supra*. In the Kirk case the declaration charged that the defendant ordered the plaintiff to perform work in a negligent and dangerous manner without furnishing him sufficient help; but it also averred ignorance of the danger and that the plaintiff was acting under defendant's order, and the court held that these averments clearly negatived the assumption of risk by the plaintiff. In the Kostka case, *supra*, where it was contended that the instruction ignored whether the plaintiff knew the condition of the ditch in which he was injured, it was held that the allegations of due care on his part negatived negligence and, by implication, that he had knowledge of the defects by reason

of which he was injured.   A similar instruction was complained of in North Chicago St. R. Co. v. Aufmann, 221 Ill. 614, where the declaration charged that plaintiff was acting under immediate direction of the defendant who negligently ordered plaintiff to perform the work by reason of which he was injured, and it was there held that a servant performing dangerous work under the master's orders does not assume the risk of the danger incident to the work unless the danger is so imminent that no man in the exercise of ordinary care engaged in the work would attempt it, and the instruction was held, in view of these averments, to have been properly given.   Upon the same reason we think it may be said that the averments in the declaration in the case at bar are of a state of facts in which an employee would not be held to assume the risk, and that the averment of the exercise of ordinary care for plaintiff's safety with reference to the alleged negligent order, negatived the assumption of risk.

The latter instruction is also complained of because it uses the words, "temporary peril."   That such words clearly refer to the particular act complained of in the declaration, can hardly be questioned and the use of them was not misleading or injurious.

Another instruction is complained of as assuming as a fact that the scrap iron was thrown into the ladle. There was really no conflict of fact upon that point. The testimony as to how the act was performed was all one way, and not disputed.   Kroll said he did not know how it was put in on that day.   It is also urged that the same instruction is erroneous in that it said if the jury believed from the evidence alone that the person who threw the scrap iron into the ladle was a fellow-servant, etc., and thus told the jury they might ignore the instructions upon fellow-servants.   It is not analogous to an instruction leaving out a necessary element of the case.   Other instructions were given, telling the jury that they must look solely to the instructions for the law of the case, and find their verdict accordingly, and that they should regard and treat them as one con-

nected body and series. In view of these instructions and that the state of facts in the case are not such as involve the fellow-servant rule, we think there was no reversible error in giving the instruction. We have examined the other instructions complained of, and find no error in giving them.

It is also complained that there was error in permitting witnesses to answer questions as to whether they knew the proper method of putting scrap iron into a ladle full of molten iron. The answers were not injurious. They simply served to show the usual and safe way of performing the act about which there is no controversy.

Finding no reversible error in the case, the judgment will be affirmed.

*Affirmed.*